## GENERAL AMERICAN LIFE INS. CO. v. MARTIN.

### No. 3553.

Court of Civil Appeals of Texas. Beaumont.
Feb. 7, 1940.

Rehearing Denied Feb. 21, 1940.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for plaintiff in error.

Sanders & McLeroy, of Center, for defendant in error.

COMBS, Justice.

Defendant in error, William E. Martin, whom we will refer to as plaintiff, instituted this suit against plaintiff in error, General American Life Insurance Company, which we will refer to as the defendant company, to recover $1,472, cash surrender value of a policy of life insurance issued to him by the Missouri State Life Insurance Company. He prayed for statutory penalty of 12% and $400 attorney's fee. The trial was to the court and practically upon an agreed statement of facts. The parties filed a stipulation in which all of the facts except those relating to the residence of the plaintiff and the amount of attorney's fee were agreed to. The policy in question was a 20 year payment plan policy for the face amount of $2,000, issued to plaintiff January 23, 1918, by the Missouri State Life Insurance Company, a Missouri corporation. All premiums on the policy

were paid as they became due until all of the 20 payments were made, maturing the policy in January, 1938. According to its terms the cash surrender value of the policy at maturity was $1,472, the amount sued for. But the defendant company contends that the cash surrender value of the policy was reduced by virtue of the purchase agreement whereby it acquired the assets of the Missouri State Life Insurance Company, which became insolvent, so that the liability of the defendant company on the cash surrender feature of the policy was at the time of the trial $1,020.41, which amount it offered to pay. This is the controlling point in the case. The pertinent facts, as reflected by the agreed statement, were: On August 26, 1933, the Missouri State Life Insurance Company, which issued the policy, became insolvent and the Superintendent of the Insurance Department of the State of Missouri filed a suit in the circuit court of that state to have it declared insolvent and enjoin it from further doing business. By proper judgment of the court the Superintendent of the Insurance Department sold all of the assets of the Missouri State Life Insurance Company to the defendant company on September 7, 1933. Under proper orders of the court, a purchase agreement was entered into by the terms of which the defendant company agreed to assume the policy obligations of the Missouri State Life Insurance Company, with the proviso however: "Liens.—Inasmuch as the present appraised value of the assets purchased hereunder is less than the required reserves, a lien (adjusted to the nearest dollar) equal to 50% of the terminal reserve on each policy of life insurance and each annuity policy as such reserve has been established in the accounts of the Old Company, computed as of September 1, 1933, to the date to which premiums on such policies have been paid, will be established and placed against each such policy." Copies of the purchase agreement were mailed to all policy holders, including the plaintiff. On October 23, 1933, the court entered an order directing all parties having claims against the old company to file them within a specified time. The Superintendent of the Department of Insurance of the State of Missouri, wrote plaintiff a letter in which he referred to the purchase agreement formerly sent him, and also to the order of the Circuit Court relative to filing claims, and enclosed a copy of the order. In that letter the Superintendent of the Department of

Insurance stated: "Having negotiated the purchase agreement for the benefit of the policy holders, I believe that it is to the best interest of substantially all of the policy holders to continue to carry the insurance formerly placed with the Missouri State Life Insurance Company." It is admitted that the letters, copies of orders, etc., were received by the plaintiff but he appears to have made no reply. However, he continued to pay the premiums on his policy as they came due, paying them to the defendant company until January, 1938, when the 20 yearly payments were completed. He then wrote to the defendant and demanded payment of $1,472, the full surrender value of the policy according to its original terms. The defendant company refused to pay that amount, offering to pay only the $1,020.41, the amount to which the cash surrender value was reduced by the provisions of the purchase agreement above mentioned. This suit followed.

The trial court entered judgment for plaintiff for the full amount sued for $1,-472 principal, plus 12% penalty and $400 attorney's fee. He filed a finding of fact and conclusion of law in which he said: "I conclude further, as a matter of law, that the attempted lien of defendant against plaintiff's policy was ineffectual because the court proceedings in Missouri were never sanctioned or approved by the Commissioner of Insurance in this State nor by the Board of Commissioners of this State, by reason of the incontestable clause in said policy, and further that the court did not have jurisdiction of the person of the plaintiff, although he knew of said proceeding he was never served with any process and never agreed for defendant to take over the policy sued on herein."

### Opinion.

It is apparent from the trial court's findings and conclusions, as quoted above, that he based his judgment for plaintiff on the theory that the Missouri proceedings, by virtue of which the defendant company acquired the assets of the old company and entered into the purchase agreement, could not bind the plaintiff to the terms of the agreement which reduced the surrender value of the policy.

In support of that theory, plaintiff contends here that the Missouri State Life Insurance Company, the old company, could not substitute a new insurer, the defendant company, without his consent. Washington Life Ins. Co. v. Lovejoy, Tex.Civ.App.,

149 S.W. 398. That the judgment of the Missouri court could not bind him to the terms of the purchase agreement because he was not a party to the Missouri court proceedings, and also that the agreement could not bind him unless same was submitted to and approved by the Insurance Commissioner of this state. Vernon's Ann. Civ.St., arts. 5040, 5041.

■ As we view it, the controlling principle in this case is not whether the Missouri court had jurisdiction and power to compel the plaintiff to accept the purchase agreement but rather that under the facts the plaintiff has elected to be bound by the agreement. When the Missouri State Life Insurance Company was placed in the process of liquidation because of insolvency in 1933, the plaintiff had the right to file his claim with the proper authorities as he was directed to do by the judgment of the circuit court. He might, in that manner, have asserted any claim which he had against the Missouri State Life Insurance Company on the policy, or which arose by reason of its breach. The Missouri State Life Insurance Company was a Missouri corporation. No question is raised, or could be, as to the jurisdiction of the Missouri court to declare that company insolvent and liquidate its affairs under the pertinent statutes of Missouri, as was done. Those statutes were fully plead and agreed to and the proceedings of the circuit court of Missouri appear to have been in conformity therewith. By virtue of those proceedings the assets of the Missouri State Life Insurance Company were sold to the defendant company. In connection with its purchase of those assets the defendant company entered into the purchase agreement whereby it agreed to assume the policy obligations of the old company, but upon condition that the policy obligations be reduced as specified in the provision hereinabove quoted. Plaintiff, along with other policy holders, had the right to accept the obligations of the defendant company in lieu of his claim against the old company. He could not, of course, do both. With full knowledge of the facts he continued to pay premiums on his policy, paying them to the defendant company until the twenty payments were completed, a period of five years. He then made his claim and filed this suit in which he asserts liability against the defendant company by reason of the purchase agreement. Thus, he has elected to accept the obligations of

the defendant company in accordance with the purchase agreement. This is necessarily so because whatever liability the defendant company has for the obligations of the old company arose solely by virtue of the purchase agreement. And having accepted the terms of the purchase agreement made for his benefit, the plaintiff necessarily is bound by all of the terms of the agreement. He cannot accept a part of the provisions of that agreement and at the same time elect not to be bound by others which limit the obligations of the original policy. He must accept the contract as he finds it in its entirety or reject it altogether.

The judgment of the trial court will be reformed so as to award to the plaintiff $1,020.41. As so reformed, the judgment of the trial court is affirmed.

### On Rehearing.

Appellee in his motion for rehearing complains that we did not discuss in the original opinion the matter of his alleged right to interest, penalty and attorney's fee allowed him by the judgment of the trial court.

It is our view that the twelve percent penalty and attorney's fee allowed by the statute (Vernon's Ann.Civ.St. art. 4736) for failure of certain insurance companies to pay claims within thirty days after demand has no application to the character of claim asserted in this suit. It will be noted that the penalty and attorney's fee are allowed "in all cases where a loss occurs". The statute is penal in nature and must be strictly construed. Washington Fidelity National Insurance Company v. Williams, Tex.Com.App., 49 S.W.2d 1093. The policy involved here is a life insurance policy and the "loss" insured against was death. The claim here sued on is not for loss but for the cash surrender value which the insured, by the terms of the policy, had the right to claim in lieu of the life insurance provided by the policy. We deny appellee's claim for penalty and attorney's fee for the reason that in our opinion it does not come within the provisions of the statute.

The insurance company contends that it is not liable for interest for the reason that it had no right nor option to pay the surrender value of the policy to appellee until such time as he should make claim therefor and surrender the policy; that it has stood ready at all times to pay, and has offered to pay, the amount which it owed the plaintiff and has been prevented from doing so because plaintiff demanded a larger sum than it owed.

It is our conclusion that when the plaintiff filed this suit he thereby made unconditional demand for payment of the cash surrender value of the policy, and that appellant in order to escape liability for statutory interest rested under the burden of making an actual tender into the registry of the court of the amount due. It made no such tender but has retained the money. We therefore hold that appellee is entitled to interest on the $1,020.41 due him by appellant from and after the 27th day of May, 1938, the date this suit was filed. Accordingly the judgment heretofore entered by us will be reformed so as to allow appellee the statutory six percent (6%) interest.