**MONARCH MUT. LIFE INS. CO. et al. v. ALDRETE.**

No. 10910.

Court of Civil Appeals of Texas. San Antonio.

March 5, 1941.

Rehearing Denied April 16, 1941.

Gammage, Gammage & Bauer, of Houston, for appellants.

Weatherly & Weatherly, of Falfurrias, for appellee.

NORVELL, Justice.

This is an appeal by Monarch Mutual Life Insurance Company and Imperial Life Insurance Company from judgment rendered in favor of Baltazar Aldrete for the principal sum of $1,000 plus interest, twelve per cent damages, and $500 attorney's fees, making a total recovery of $1,702.71.

Trial was to the court without a jury. Upon proper request, the trial judge filed findings of fact and conclusions of law, which have been examined, approved and adopted by us.

We have come to the conclusion that the judgment of the trial court should be affirmed, and in stating our reasons for this conclusion, we make the following statement as pertinent to and explanatory of our holding, which, while not embracing all the trial court's findings, is taken for the most part therefrom and is as follows:

(1) On April 28, 1935, National Protective Union, a Colorado corporation having no permit to do business in Texas, acting through an agent at Falfurrias, Brooks County, Texas, issued to Abel Aldrete, also a resident of Falfurrias, a certain life insurance policy or certificate, agreeing to pay appellee, Baltazar Aldrete, the nephew of the insured, a sum not exceeding $1,000 upon the death of the insured, Abel Aldrete. It was stipulated that said rate should remain unchanged as long as the certificate or policy was continued in force. The incontestability clause of the policy read as follows:

"Unrestricted and Non-Contestable After the Second Year Except For: suicide, fraud, misstatement or misrepresentation of facts. Nothing else can cause the payment of any benefits due under this Certificate to be withheld from the Member or his or her beneficiary after the full second year of this Certificate, except for non-payment of premium due, and all claims will be paid in the order claims are approved. and recorded on the Union's books."

(2) On July 6, 1936, appellant Imperial Life Insurance Company assumed the payment of the above policy in accordance with the terms of the following letter:

"R. C. Howerton,          M. J. Carroll,
President                      Secretary

Imperial Life Insurance Company
3017-1/2 Knox Street
Dallas, Texas
July 6, 1936 ·

Dear Friend:

This is to inform you that your certificate No. G241c4c issued by the National Protective Union, Denver, Colorado, has been assumed as of this date subject to the terms and provisions of your certificate together with the laws of the State of Texas under which this Company has been licensed.

All future payments and correspondence will be transacted direct with the Imperial Life Insurance Company, of Dallas, Texas.

The Imperial Life Insurance Company is licensed by the Department of Insurance of Austin, Texas, and operates under the supervision of its Board of Insurance Commissioners.

We feel certain that you will be pleased to receive this information, and we wish to assure you that it will be our pleasure to offer you every service possible.

Yours very truly,
MJC ANT          M. J. Carroll, Secretary

P. S. Please attach this letter of assumption to your certificate."

(3) On or about September 28, 1936, the Imperial Life Insurance Company without the insured's having made application therefor, mailed to said insured a certain insurance policy which was, however, never accepted by said insured, in lieu of, or in cancellation of, the policy theretofore issued by the National Protective Union.

(4) About September 1, 1938, appellant Monarch Life Insurance Company, without notice to Abel Aldrete, the insured, took over all funds of the Imperial Life Insurance Company except $550. By an agreement dated September 10, 1938, Monarch Mutual Life Insurance Company assumed all liabilities arising from policies issued by the Imperial Life Insurance Company.

(5) The insured, Abel Aldrete, died on September 27, 1938, apparently of heart disease, according to evidence introduced by appellant.

(6) At the time of his death, the deceased had paid all premiums and charges upon his policy of insurance as they became due and payable, and said premiums were accepted by the companies.

(7) Appellee furnished proofs of death and otherwise complied with all requirements of the policy within the time and in accordance with the terms thereof and duly and timely demanded the payment of $1,000 with interest under said policy.

(8) At the date of the insured's death the Imperial Life Insurance Company and the Monarch Mutual Life Insurance Company each had on hand in their respective reserve funds enough money to pay said $1,000 with interest; and the Monarch Mutual Life Insurance Company at and before the time of the trial of this case had on hand in its reserve funds enough money, including money received from the said Imperial Life Insurance Company, to pay the amount of the judgment rendered herein.

(9) Appellant failed to pay appellee's claim within thirty days after demand therefor, and appellee has necessarily employed attorneys to collect same, $500 being a reasonable fee for such services rendered or to be rendered in the trial and appellate courts.

The trial court's conclusions of law were as follows:

"1. I conclude that as the National Protective Union was a foreign corporation and never had a permit to do insurance business in Texas that it was in respect to this said policy subject to the general insurance laws of the State of Texas.

"2. That the general insurance laws of the State of Texas form a part of the insurance contract and of the obligation of the insurance contract issued by the National Protective Union to the insured in the form of its said policy as evidenced by Exhibit No. 1 as aforesaid the same as if said laws were fully and expressly written into said contract.

"3. Under the general insurance laws of Texas existing at the time the National Protective Union policy was issued to the insured and under the facts introduced herein the National Protective Union became bound to pay plaintiff the said reasonable attorney's fees and the statutory amount of 12 per cent damages and the amount of said loss, provided it had sufficient money on hand at the date of insured's death; that the defendants in this case have in legal effect assumed the contract of the National Protective Union, without substantial limitation, and they are bound for the payment of such loss.

"4. I conclude that the plaintiff is entitled to the judgment rendered in this cause."

■ Appellants' contention that this case must be reversed because appellee failed to negative the exceptions contained in the National Protective Union policy is based upon an erroneous construction of the policy. The exceptions apparently relied upon relate only to the provisions of the policy concerning additional accidental death benefits, or provisions relating to disability benefits. An attempt to construe these "exceptions" as applicable to the principle insuring covenant, i. e., the agreement to pay upon death of the assured, leads to hopeless contradiction and absurdity. The case of International Travelers Association v. Marshall, 131 Tex. 258, 114 S.W.2d 851, is not in point here. In the case at bar the "incontestability clause" was operative. The premiums had been paid. The only ground of defense reserved by the insurance company was suicide and fraud. Appellants asserted neither, and the evidence indicates that the death of deceased was not caused by suicide and that the policy was not procured by fraud.

Appellants further contend that their liability should be governed by the following by-law provision which was also contained in the Imperial life insurance policy of September 28, 1936, to-wit:

"Should death occur during the first four months from date of issue or any reinstatement the company shall be liable only, except for purely accidental death, for the return of premiums actually collected plus ten per cent interest and shall be liable for a like amount should death result from pregnancy, any form of heart or kidney trouble, stomach trouble, tuberculosis, paralysis, pellagra, arterio-sclerosis, anemia, senility, cancer, insanity, any form of chronic or venereal disease within twenty-four months from date of issue or any reinstatement; * * *".

Appellants say that the deceased died of "heart trouble" (whatever that general term may mean) one year, eleven months and twenty-nine days from the date of the Imperial policy, and therefore appellee's re-

covery should be restricted to the sum of $61.25.

■ ■ The trial court held, as above pointed out, that this Imperial policy was neither applied for nor accepted by the insured. We have no hesitancy in saying that after the Imperial Company had assumed payment of the National Protective Union policy, it could not change the terms of the contract evidenced by the original policy and the letter of assumption, without the consent of the insured, by the simple expedient of mailing another contract to the insured. A contrary holding would violate fundamental principles of the law relating to contracts. The fact that the insured paid a higher premium to the Imperial Company upon its demand therefor than he had paid to the National Protective Union is not conclusive evidence of acceptance of the Imperial policy. It at most raised a fact issue which the trial court found against appellants.

■ It also seems to be appellants' contention that under the Imperial letter of assumption the policy of insurance involved became subject to various by-laws, resolutions, classifications, etc., made by the Imperial Company. It is sufficient answer to this contention to point out that the letter of assumption does not provide that the policy shall be subject to such resolutions, by–laws, etc. The reference to the laws of the State of Texas under which the company is licensed will not support the construction urged by appellants. When an attempt is made to apply this reference as a provision governing the contract rights of the parties, it will be found that it is so vague, indefinite and ambiguous as to be practically meaningless, and the trial court would have been justified in disregarding it altogether. Francis v. International Travelers' Ass'n, Tex.Civ.App., 260 S.W. 938, affirmed 119 Tex. 1, 23 S.W.2d 282; National Surety Co. v. Chalkley, Tex.Civ. App., 260 S.W. 216.

■ We next consider appellants' contention as to the liability of Monarch Mutual Life Insurance Company. It seems that it was contemplated by the Imperial and the Monarch companies (both of which were dominated and controlled by M. J. Carrol), that the Monarch Company would issue a new set of policies to the holders of the Imperial policies. Had this procedure been carried out, the insured's coverage would have been reduced from $1,000 to $172. Appellants rely upon General American Life Insurance Company v. Martin, Tex. Civ.App., 137 S.W.2d 139, which is obviously not in point. In the Martin case, the General American Life Insurance Company acquired certain assets of the Missouri State Life Insurance Company which was in receivership. Full notice of the terms of a proposed assumption agreement by the General American of Missouri State Life policies was given to Missouri State Life policyholders, including Martin. In this case, no notice was given the insured Abel Aldrete. The Monarch simply took over the funds of the Imperial Company applicable to the payment of the policy here involved, without the knowledge and consent of the insured. The contract rights of the insured cannot be destroyed or diminished by such inter-company transactions. The trial court correctly held that the Monarch Company became liable upon appellee's claim (including penalties and attorney's fees) by reason of this transaction. Certainly it cannot be said that one company can, without notice, take over the funds of another and thus avoid payment of claims legally chargeable against the funds so acquired.

We next discuss the matter of attorney's fees and penalties. Appellants contend that as the insurance companies here involved were chartered under Article 4859f, Vernon's Ann.Civ.Stats., they cannot be held liable for such charges under Article 4736, Vernon's Ann.Civ.Stats. (copied in the margin),[1] as section 19 of Article 4859f pro-

---

[1] "Art. 4736. * * * *Losses shall be paid promptly*

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. The Court in fixing such fees shall take into consideration all benefits to the insured, incident to the prosecution of the suit, accrued and to accrue on account of such policy. Acts 1909, p. 192, sec. 35; Acts 1931, 42nd Leg., p. 135, ch. 91, § 1."

vides that "no insurance law of this State shall apply to any corporation operating under this Act, and no law hereafter enacted shall apply to them unless they be expressly designated therein."

■ The policy which is the basis of appellants' liability was not written by a company chartered under Article 4859f, or any prior act of the Texas Legislature relating to mutual assessment life insurance corporations. It was written by a foreign corporation having no permit to do business in Texas. The contract was therefore subject to the attorney's fee and penalty provisions of Article 4736. This article in a sense became part of the contract. Independent Order of Puritans v. Brown, Tex. Civ.App., 229 S.W. 939. The Imperial Life Insurance Company assumed the obligations of the National Protective Union "without substantial change" and its liabilities are measured by the provisions of the National Protective Union policy. If liability for penalties and attorney's fee would have attached against the National Protective Union, the same liability attaches against the Imperial Life Insurance Company. Amarillo Mutual Benevolent Ass'n v. Franklin, Tex.Com.App., 50 S.W.2d 264. We do not believe that a policy of insurance issued subject to the provisions of Article 4736 can subsequently be removed from the operation of the article, except by the agreement of both contracting parties, by insolvency or bankruptcy proceedings, or some action on the part of the Legislature. The unilateral action of one of the contracting parties would be insufficient to accomplish this purpose. An insurance company operating under the general insurance laws of the State, including Article 4736, could not avoid liability for penalties and attorney's fees, upon its policies previously issued, by incorporating under Article 4859f, and it would therefore seem that the Imperial Insurance Company, although incorporated as a mutual assessment life insurance company, cannot avoid liability upon its assumption of a policy which was subject to the provisions of Article 4736. There is no contention made here that the assumption agreement was ultra vires and in view of the acceptance of premiums by the Imperial Company such defense could not be successfully urged. Amarillo Mutual Benevolent Ass'n v. Franklin, supra.

■ As the trial court found that appellants were possessed of sufficient funds to discharge the judgment rendered, and the burden of proof to show any inadequacy of available funds or resources for such purpose is upon the insurer (Sweetwater Progressive Mut. Life & Accident Ass'n v. Allison, Tex.Civ.App., 22 S.W.2d 1107, and authorities therein cited), we hold that the judgment for penalties and attorney's fees was proper.

Being of the opinion that no reversible error has been shown, the judgment of the trial court will be affirmed and judgment here entered in favor of appellee and against Lawyers Lloyds of Texas (the surety upon appellants' supersedeas bond filed herein) for the principal sum of $1,702.71, together with interest thereon from April 15, 1940, until paid.

Judgment affirmed.