**AMERICAN PUBLIC LIFE INS. CO.,**
Appellant,

v.

**Elvise Gilda STAMBAUGH et al.,**
Appellees.

No. 8048.

Court of Civil Appeals of Texas,
Amarillo.

June 29, 1970.

Rehearing Denied July 27, 1970.

Cowsert & Bybee, and Ed Line, Hereford, for appellant.

Witherspoon, Aikin, Thomas & Langley, and D. Wesley Gulley, Hereford, for appellees.

JOY, Justice.

This is a suit on a life insurance policy brought by appellee on the death of her husband. From summary judgment granted for appellee, the defendant insurance company has appealed.

American Public Life Ins. Co., hereinafter called Public, entered into an agreement of reinsurance with American Educational Life Ins. Co., hereinafter called Educational, whereby Public assumed all liabilities and obligations pertaining to certain paid-up life insurance policies, among which was a paid-up policy on the life of Troy D. Stambaugh. In consideration for the assumption by Public of the liabilities and obligations, Educational conveyed property of the value in excess of $1,000,000.00 to Public for the reserve liability applicable to the paid-up policies so assumed. The agreement was signed as of November 10, 1966, made effective as of November 1, 1966, and closed or consummated on November 18, 1966. Unknown to any of the parties at the date of signing of the contract, the insured Troy D. Stambaugh, had deceased on October 23, 1966. By letter dated November 10, 1966, Educational was notified of the death of Stambaugh and again by letter dated November 28, 1966, with no response to the letters ever being made by Educational. On approximately December 15, 1966, appellee, Mrs. Stambaugh, received a letter and assumption certificate in reference to the life insurance policy, said certificate being dated November 1, 1966. Demand for payment on the policy was made on Public by letter dated December 20, 1966, which was refused and suit then instituted against Public, Educational and the Texas Insurance Commissioner, State Board of Insurance, and the State Treasurer. Coastal States Life Ins. Co. filed its petition of intervention claiming ownership to funds or securities held by the State Treasurer as a reserve for liability to policyholders, its claim based upon an assignment by Educational. Motions for summary judgment were filed by both plaintiff, Mrs. Stambaugh, and intervenor, Coastal States Life Ins. Co., which were granted upon hearing had by the trial court.

Public assigns as error the action of the trial court in granting the summary judgment for the reason that material issues of fact existed as to (1) whether or not the contract implied that all insureds were living at the time of the contract, (2) whether or not the parties were mutually mistaken in the belief Stambaugh was alive at the time the contract was entered into and (3) whether or not the action of appellee led Public to believe the insured was living at the time of the contract. The construction of a contract that is unambiguous is a question of law for the court. See 13 T.J.2d Contracts, Sec. 110, P. 263. We quote the following pertinent language from the agreement entered into between Public and Educational:

"Public covenants and agrees to and with Educational, and to and with the holders of policies hereby assumed and reinsured, and to and with the beneficiaries designated in the said policies, and to and with the legal representatives of said policyholders and beneficiaries (Exhibit I hereto), to assume, carry out and perform the obligations of Educational contained in said policies, certificates of assumption, endorsements and riders, subject, however, to the same rights, offsets, counterclaims, cross-actions and defenses as are or may be or

could be possessed by Educational, it being expressly understood by this contract that no such offsets, counterclaims, cross-actions or defenses are waived, but the same are expressly preserved, and that Public is and shall be fully subrogated thereto, either in its own name or in the name of Educational, and whether the same now be known to exist or may hereinafter be discovered."

Public also issued its assumption certificate to Stambaugh dated November 1, 1966. No mention was made in the agreement between Public and Educational of policyholders who might die during the negotiation period or prior to the effective date of the agreement. We think the language used, the fact that all policies assumed by Public were paid-up policies and Educational having paid over property of the value in excess of $1,000,000.00 for that assumption made Public liable on the Stambaugh policy irrespective of the date of the death of the insured. Stambaugh was not a party to the agreement of assumption or reinsurance. The question of Educational's liability, if any, to Public is not before us, therefore, we do not purport to pass thereon. Any enforceable right of pro tanto recision that Public might have as against Educational is separate and a part from its assumed liability on the Stambaugh policy. In Castel v. First States Life Co., 122 S.W.2d 1113 (Tex.Civ.App., n. w. h.) wherein a similar fact situation existed the court stated: "When the Texas Mutual Life Association, in turn, purchased these policies, after Dr. Miller's death, it, of course, became bound and obligated under them." Public points out in its brief that although the facts in the Castel case are almost on all fours with those herein, the defendant insurance company raised no equitable defense of mistake. Had it done so, we do not think the results would have been altered. Where, as herein and in Castel, an insurer unqualifiedly assumes all obligations and liabilities of policies of insurance of another insuring company in exchange for a valuable consideration, then the insured may hold the assuming insurer liable under the terms and conditions of the policy so assumed. Where one company acquires funds from another for the specified purpose and agreement of payment of claims of designated policyholders, then no justification or reason exists for the assuming company to refuse payment to policyholders who had no knowledge of nor consented to the intercompany agreement. See Monarch Mutual Life Ins. Co. v. Aldrete, 149 S.W.2d 1091 (Tex.Civ.App., dismissed, judg. corr.), wherein it is stated: "Certainly it cannot be said that one company can, without notice, take over the funds of another and thus avoid payment of claims legally chargeable against the funds so acquired."

■ Public contends that the term "reinsurance" implies that the subject of the life policy was living at the time of the making of the agreement or contract, quoting from authorities that state that for an insurance policy contract to be a valid contract there must be a subject matter in existence, otherwise there will be no basis for a contract. We do not disagree with that statement. However, we do not have in question here the original contract of insurance. We have the assumption of already existing and valid paid-up policy contracts with a transfer of reserves for the payment of the liabilities and obligations that may be enforced by the policyholders. Parties may contract to assume liabilities or responsibilities for claims on insurance policies, whether or not those claims are matured. Appellant's three points of error are overruled.

■ Appellees Cotten, Texas Commissioner of Insurance; Manford, Mathews and Price, members of the State Board of Insurance and Jessie James, Treasurer of the State of Texas, named defendants below by plaintiff Stambaugh here complained by way of cross assignments of error of the failure of the trial court to rule on their plea to the jurisdiction and plea in abatement. The plaintiff Stambaugh

sought relief by way of mandamus to require the state officials named to perform certain acts regarding a deposit of securities held for the benefit of certain policyholders of Educational, the Stambaugh policy being one so listed. We think the appellee's plea to the jurisdiction or abatement should have been sustained, as a suit against a state official in his official capacity is in reality a suit against the state and only the Legislature may grant permission for such a suit. Department of Public Safety of Texas v. Great Southwest Warehouses, 352 S.W.2d 493 (Tex.Civ.App., ref'd n. r. e.). The suit against an official of the state to require the performance of a ministerial act is not a suit against the state so as to require consent. However, by Art. 1735, Vernon's Ann.Civ.St., the Supreme Court only has the jurisdiction and authority to issue mandamus against a state official. Therefore, we sustain the plea to the jurisdiction of the named appellees and reform the judgment of the trial court accordingly.

The judgment of the trial court is reformed to dismiss the named state officials and as so reformed, is affirmed.