**Bobby L. CAFFEY**

v.

**Jaymi JOHNSON, et al.**

No. 1:94–CV–98.

United States District Court,
E.D. Texas,
Beaumont Division.

March 29, 1995.

Bobby L. Caffey, Beaumont, TX, pro se.

April Lavonda Smith, Attorney General's Office, Crim. Law Enforcement, Div. LEDD, Austin, TX, for Jaymi Johnson, TDCJ–ID, Director James A. Collins.

*MEMORANDUM AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND OVERRULING PLAINTIFF'S OBJECTIONS*

COBB, District Judge.

Plaintiff Bobby L. Caffey, proceeding pro se, is a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division ("TDCJ–ID"), Stiles Unit. Plaintiff sues defendants Jaymi Johnson and James Collins, in his official capacity as the Director of TDCJ–ID, under Title 42 U.S.C. § 1983, for deprivation of the right of free exercise of religion.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The court has received and considered the Report and Recommendation of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R.Civ.P. 72(b).

### I. Background and the Magistrate Judge's Report

Plaintiff claims that on September 19, 1993, defendant Johnson wrongfully seized and either destroyed or lost his Holy Koran, handkerchief with Islamic prayer on it, and Islamic papers.

Defendants move to dismiss pursuant to Title 28 U.S.C. § 1915(d).[1]

Defendant Collins, a state official plaintiff sued solely in his official capacity, claims he is immune from suit under the Eleventh Amendment of the United States Constitution.

Defendant Johnson seeks the protection of Eleventh Amendment sovereign immunity and also claims qualified immunity for any action he may have taken. Johnson claims plaintiff has not designated himself a member of a religious group as required by prison regulations. Therefore, assuming he disposed of plaintiff's property, disposal was proper because they constituted contraband.

The magistrate judge found no allegations of any individual knowledge or actions on the part of Collins. Consequently, he recommended dismissal of defendant Collins on the basis of sovereign immunity.

The magistrate judge also recommended the assertion of qualified immunity be granted, because the TDCJ–ID rule which authorized Johnson's actions was a legitimately adopted prison regulation designed for security purposes. In the event plaintiff's right to practice his religion had in any way been circumscribed, the regulation made such limitation reasonable and legitimate.

---

1. This is the incorrect procedural posture for these motions. The magistrate judge correctly construed Johnson's motion as a motion for summary judgment and Collins' as a motion to dismiss for failure to state a claim on which relief can be granted.

## II. Objections

Plaintiff objects to the dismissal of Collins because he claims suing Collins is akin to suing TDCJ–ID.

Plaintiff also objects to the grant of qualified immunity because the prison rule requiring designation as a member of a religious group was not enacted until four years after plaintiff was incarcerated. Before this rule was enacted, plaintiff claims, inmates were allowed to change religions without designation.[2]

## III. Discussion

■ The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). In *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), the Supreme Court held that neither the state nor a state official is a "person" for purposes of liability under 42 U.S.C. § 1983. Thus, the claim against defendant Collins should be dismissed.

■ The doctrine of qualified immunity protects against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Immunity in this sense means immunity from suit, not merely from liability. *Jackson v. City of Beaumont,* 958 F.2d 616 (5th Cir.1992).

■ In essence, qualified immunity "reconcile[s] two competing interests. One interest is the compensation of persons whose federally protected rights have been violated. Opposing this is the fear that personal liability will inhibit public officials in the discharge of their duties." *Johnston v. City of Houston,* 14 F.3d 1056, 1059 (5th Cir.1994).

■ An official's conduct is not protected by qualified immunity if, in light of preexisting law, it was apparent that the conduct, when undertaken, constituted a violation of the right at issue. This is true even if every action in question had not then been held to be a constitutional violation. *See Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

If the court assumes Johnson discarded plaintiff's religious articles, he was acting in accordance with a prison regulation that has not been challenged by plaintiff. Indeed, plaintiff's only complaint is that the rule was adopted four years after he became an inmate. He does not allege he has designated himself a Muslim, nor does he claim the regulation is onerous, unfair, or illegitimate—he merely claims he should be exempt from a regulation adopted after he arrived at the prison. This argument is unavailing. If plaintiff did not designate himself a Muslim in accordance with prison regulations, then the Koran, prayer shawl, and other items, were contraband. Consequently, it was not unreasonable to discard them and Johnson is entitled to the shield of qualified immunity.

Accordingly, plaintiff's objections are **OVERRULED.** The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendations. The order referring this case to the magistrate judge is **VACATED.**

### *FINAL JUDGMENT*

This action came on before the Court, Honorable Howell Cobb, District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that defendant James Collins' motion to dismiss is **GRANTED.** It is further

**ORDERED** and **ADJUDGED** that defendant Jaymi Johnson's motion for summary judgment is **GRANTED.** It is further

---

2. Plaintiff also objects to Johnson's failure to adhere to TDCJ–ID procedures regarding the management of an inmate's personal property. Plaintiff's personal property claims are not before this court, having been deemed frivolous by the magistrate judge and consequently dismissed by this court.

**ORDERED** that this case is **DISMISSED.**

All motions not previously ruled upon in this case are **DENIED.**

## REPORT AND RECOMMENDATION

HINES, United States Magistrate Judge.

Pending is defendants' "Motion to Dismiss Pursuant to 28 U.S.C. § 1915(d)."

Plaintiff Bobby L. Caffey, proceeding pro se, is a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division ("TDCJ–ID"), Stiles Unit. Plaintiff brings suit against Officer Jaymi Johnson and James Collins, in his official capacity as the Director of TDCJ–ID,[1] pursuant to Title 42 U.S.C. § 1983, for the deprivation of the right of free exercise of religion.[2]

This action was referred to a United States magistrate judge pursuant to Title 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate, dated July 3, 1980, for findings of fact, conclusions of law, and recommendations for disposition of the case.

### I. Nature of the Claim

Plaintiff alleges Officer Johnson deprived him of religious materials necessary to practice his Islamic faith. Specifically, plaintiff contends that on September 19, 1993, defendant Johnson seized and destroyed or lost plaintiff's Holy Koran (also spelled Quran), handkerchief with Islamic prayer on it, and Islamic papers.

### II. The Motions to Dismiss

Both defendants move to dismiss pursuant to Title 28 U.S.C. § 1915(d), which permits dismissal of in forma pauperis complaints deemed frivolous. Defendant Collins argues he is immune from suit under the Eleventh Amendment's sovereign immunity doctrine. Further, he argues plaintiff has failed to

assert any personal knowledge or activity on his behalf. This failure, according to defendant, does not overcome the doctrine of respondeat superior, a theory of liability not cognizable under § 1983.

Plaintiff does not contest his suit against Collins is premised on the doctrine of respondeat superior. He admits "defendant Collins was not directly involved and plaintiff relyed [sic] upon the theory of respondeat superior."

Defendant Johnson, who also alleges he is protected by sovereign immunity, further claims qualified immunity for any action he may have taken. Assuming arguendo he disposed of plaintiff's religious articles, Johnson claims plaintiff has not designated himself a member of a religious group as required by prison regulations. Therefore, disposal of the articles was proper because they were unauthorized. Plaintiff does not dispute this contention.

### III. Discussion

■ A procedural confusion continues to manifest itself in the motion practice related to in forma pauperis complaints. Generally, there are three pre-trial dispositive motions in these cases: a motion to dismiss as frivolous, 28 U.S.C. § 1915(d); a motion to dismiss for the failure to state a claim, FED. R.CIV.P. 12(b)(6); and a motion for summary judgment. FED.R.CIV.P. 56. Each has a different standard of review and stands in a different procedural posture. For example, a motion to dismiss may occur on the basis of pleadings only. Once a party introduces evidence or allegations contained outside the pleadings, or files a dispositive motion post-answer, it is construed as one for summary judgment. See FED.R.CIV.P. 56(c).

■ Frivolousness dismissals occur when an in forma pauperis plaintiff presents a claim that has no "arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319,

---

1. Wayne Scott now is the Director of TDCJ–ID. For reasons discussed infra, this change of personnel does not affect the ensuing analysis or recommendation.

2. Plaintiff's claims of property deprivation without due process of law were dismissed without prejudice pursuant to the adoption of an initial

report and recommendation filed September 28, 1994. This report stated plaintiff had adequate post-deprivation remedies within the prison grievance and state judicial systems for redress of his claim and therefore had not presented a federal cause of action.

325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Those who present an arguable claim which is ultimately resolved against plaintiff are not subject to frivolousness dismissals, but rather, a dismissal under Federal Rule of Civil Procedure 12(b)(6).

On September 28, 1994, the undersigned issued a report recommending dismissal of plaintiff's claim for deprivation of property, but that the free exercise of religion claim should be retained. This report was adopted by the district judge on October 26, 1994. It therefore has been determined that plaintiff has presented an arguable claim for the deprivation of his right to freely exercise his religion. This is not frivolous. Consequently, no further analysis shall proceed under 28 U.S.C. § 1915(d).

■■■■ Johnson's defense of qualified immunity may be asserted prior to a defendant's answer in a motion to dismiss, after an answer in a motion for summary judgment, or at trial. *See Edwards v. Cass County, Tex.*, 919 F.2d 273 (5th Cir.1990). Once a defendant has answered, assertion of qualified immunity is properly presented as a summary judgment motion or, indirectly, as a motion for judgment on the pleadings. *See* FED.R.CIV.P. 12(c). The essential differences are the burden of proof and the evidence to be considered by the court, as motions to dismiss generally are confined to the pleadings while motions for summary judgment may encompass other submitted evidence. *See, e.g., Chevalier v. Animal Rehab. Center, Inc.*, 839 F.Supp. 1224 (N.D.Tex.1993). Regardless, "[the] qualified immunity question should be resolved at the earliest possible stage of the litigation." *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir.1988).

■■■■ Because defendant Collins' defense is confined to the pleadings, his motion shall be construed as a motion to dismiss. Because defendant Johnson submits extrinsic evidence in the form of TDCJ–ID policies regarding contraband and religious designations, his motion shall be construed as a motion for summary judgment.

## A. Defendant Collins and Capacity of Suit

■■■■ Assertions of immunity are rightfully "decided by the court long before trial." *Hunter v. Bryant*, 502 U.S. 224, 228, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991). Prompt and primary decision of the immunity question serves the doctrine's underlying policy, that is, "[t]he entitlement is *immunity from suit* rather than mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). Prompt consideration also avoids the consumption of governmental resources in defense of a suit for which there can be no damages or liability assessed.

■■■■ The Eleventh Amendment to the United States Constitution protects a state official in his or her official capacity from suit in federal court without express and unequivocal consent. *See* U.S. CONST. amend. XI; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *American Pub. Life Ins. Co. v. Stambaugh*, 456 S.W.2d 953, 956 (Tex.Civ.App.— Amarillo 1970, writ. ref. n.r.e.) (lawsuit against officer in official capacity is one against the state). Section 1983 itself does not abrogate a state official's immunity from suit.

■■■■ It is clear plaintiff claims no individual actions, knowledge, or participation in any wrong by Collins. He has explicitly, unequivocally stated that there was no personal action or knowledge by Director Collins in the alleged incident. Plaintiff sues Director Collins on the sole basis of his public status. Therefore, he sues defendant Collins in his official capacity, defined as a suit "not against the official, but against the official's office." *Will*, 491 U.S. at 71, 109 S.Ct. at 2312. In his official capacity, defendant Collins is shielded by the Eleventh Amendment. *See id.* Consequently, suit against Director Collins should be dismissed and a final judgment entered.

## B. Defendant Johnson and Qualified Immunity

■■■■ Defendant Johnson asserts he is protected by the doctrine of sovereign immu-

nity. Plaintiff has asserted individual actions allegedly perpetrated by the defendant. This leads to the conclusion that Johnson is sued in his individual, rather than official, capacity. As a result, sovereign immunity is not a defense available to him.

Defendant also argues he is protected by qualified immunity. Specifically, he urges that, in the event he disposed of plaintiff's religious articles, such an act was in accordance with a legitimately adopted prison regulation which requires plaintiff to designate himself a member of a religious group in order to possess such religious articles.

█ The qualified immunity doctrine may be summarized thus: "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 411 (1982). *See also Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Chrissy F. v. Mississippi Dep't of Public Welfare*, 925 F.2d 844, 848 (5th Cir.1991); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir.1986); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir.1985).

█ When considering a claim of qualified immunity, courts engage in a bifurcated analysis. First, it must be determined whether the plaintiff has alleged the violation of a clearly established constitutional right. If so, it must be determined whether the plaintiff has alleged defendant's conduct was not objectively reasonable. *Rankin v. Klevenhagen*, 5 F.3d 103 (5th Cir.1993). An official's conduct is not protected by qualified immunity if, in light of preexisting law, it was apparent that the conduct, when undertaken, constituted a violation of the right at issue. *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 455 (5th Cir.1994). A right is clearly established only when its contours are sufficiently clear that a reasonable official would have realized that his or her conduct was otherwise improper. *Id.*

In conjunction with defendant's assertion of qualified immunity, on December 20, 1994, the undersigned ordered plaintiff to amend his complaint and allege facts which would overcome the defense of qualified immunity. On January 10, 1995, plaintiff filed his second amended complaint and did not address the issue of the regulation, his failure to designate himself a Muslim, and did not assert he was otherwise entitled to possess the religious articles. He does not challenge the legitimacy of the prison regulation requiring designation of religious affiliation.

█ First, the court must determine whether plaintiff has a constitutional right. Prisoners retain the right to practice their religion while incarcerated. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). However, all constitutional rights can be restricted or limited for legitimate government purposes. Such restrictions "pass muster only if they are no greater than necessary to further important or substantial state interests." *Matthews v. Morales*, 23 F.3d 118, 119 (5th Cir.1994) (Texas prison regulation requiring Muslim inmates to sign legal names furthered a legitimate state interest and did not unnecessarily infringe on the First Amendment right of free exercise of religion). "Prison regulations alleged to infringe on constitutional rights are judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *Estate of Shabazz*, 482 U.S. at 349, 107 S.Ct. at 2404. Reasonable regulations created to enforce a prison's security demands are not violative of constitutional rights. *See, e.g., McFadden v. Lucas*, 713 F.2d 143, 144 (5th Cir.), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983) (addressing prison grooming requirements in context of free exercise of religion claim); *Olgin v. Darnell*, 664 F.2d 107 (5th Cir.1981) (deprivation of prisoner's clothing reasonably related to legitimate penological concern under circumstances).

█ TDCJ–ID has adopted a regulatory scheme for religious designation in an effort to curb contraband. For example, rosary beads in the hands of a devout practitioner contribute to the exercise of religious faith, but could present a legitimate risk of stran-

gulation if left unmonitored. A prisoner is not required to designate affiliation with any particular religious group, but only those who designate themselves may possess religious paraphernalia. *See* Defendants' Exhibit A, Texas Department of Criminal Justice, Institutional Division, Administrative Directive AD–07.30. At TDCJ–ID, Muslims are entitled to possess a Koran, sacred writings, prayer rug, Koofi cap, and prayer beads. *Id.* at 5. The court finds this a reasonable restriction on the right of free exercise of religion and no argument has been presented to the contrary. Consequently, plaintiff has not alleged violation of a constitutional right. Defendant Johnson is entitled to qualified immunity.

#### IV. *Recommendation*

Defendant Collins' motion to dismiss should be granted; defendant Johnson's motion for summary judgment should be granted on the basis of qualified immunity; and this case should be dismissed.

#### V. *Objections*

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

SIGNED this 1st day of February, 1995.