Jack M. Curtis, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

**Glennon HOPPINS, Plaintiff-Appellant,**

v.

**Governor George C. WALLACE, et al., Defendants-Appellees.**

No. 84-7392

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Jan. 28, 1985.

Before RONEY, FAY and HATCHETT, Circuit Judges.

PER CURIAM:

Glennon Hoppins argues on appeal in his 42 U.S.C.A. §§ 1983, 1985 suit that his right of access to the courts requires that indigent inmates be permitted to mail unlimited legal correspondence at state expense. The state correctional officers contend their stamp policy permitting each indigent inmate two free 20-cent stamps a week and requiring them to pay for additional postage out of their own funds provides adequate access to the courts. The district court held that two free stamps a

**1162**

week provided Hoppins with adequate access to the courts. We affirm.

In *Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496–97, 52 L.Ed.2d 72 (1977), the Supreme Court held that it "is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." The Tenth Circuit has interpreted *Bounds* not to require states "to pay the postage on every item of legal mail each and every prisoner wishes to send." *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir.1978). The *Twyman* Court determined that the rights of prisoners must be balanced with budgetary constraints. It did not establish the minimum requirements a state must meet to provide indigent prisoners with adequate access to courts but focused instead on whether the individual plaintiff before it had been denied access. 584 F.2d at 359. Since Twyman's litigation about which he sought access was not dismissed and no court sanction was imposed, his delay in mailing due to the prison postage policy was held to have not denied him access to the courts.

The present Alabama prison policy of furnishing inmates with postage for two free letters a week was a direct result of a federal court order entered in *Pugh v. Locke*, 406 F.Supp. 318, 334 (M.D.Ala.1976), *aff'd in part sub nom. Newman v. State of Alabama*, 559 F.2d 283 (5th Cir.1977), *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978). In *Pugh*, Judge Frank M. Johnson, Jr. originally required five free letters a week, but reduced the number to two free letters a week in a March 5, 1976 unpublished order.

 As noted by the magistrate and reflected in the record plaintiff Hoppins has an inclination to be very litigious and might well use more stamps if they were made available to him. He has filed numerous pleadings in this case, filed many cases prior to this one in a variety of courts, and he has filed four new 42 U.S. C.A. § 1983 actions since the instant case was commenced. Hoppins presented no ev-

idence, however, that any case was dismissed or that any sanction was imposed by the courts due to the impact of the stamp policy. The district court focusing on reasonableness, properly upheld the constitutionality of the prison policy based on the undisputed facts, and the guidelines established in Judge Johnson's *Pugh* opinions. The district court did not err in holding that the furnishing of two free stamps a week to indigent prisoners is (1) adequate to allow exercise of the right to access to the courts, and (2) adequate to allow a reasonable inmate to conduct reasonable litigation in any court. The constitutional right to access to the courts entitles indigent prisoners to some free stamps as noted in *Bounds* but not unlimited free postage as is urged by the plaintiff.

AFFIRMED.