861 F.2d 267
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth Wayne WOODFIN, Plaintiff-Appellant,
v.
Patricia A. JOHNSON; Sgt. Barksdale; Mark A. Adkins, C/O,
Defendants- Appellees.
 No. 88-7100.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 30, 1988.
Decided: Oct. 19, 1988.
 
 Kenneth Wayne Woodfin, appellant pro se.
 William W. Muse (Office of the Attorney General), for appellees.
 Before K.K. HALL, CHAPMAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Woodfin, an indigent inmate at the Virginia State Penitentiary (VSP), filed a suit under 42 U.S.C. Sec. 1983 alleging that officials at VSP improperly delayed mailing legal documents because of an arbitrary limit on free postage for indigent prisoners. Woodfin now appeals the district court's order granting summary judgment to defendants. We hold that Woodfin has failed to allege that the delay in mailing legal documents resulted in any adverse consequences and therefore, we affirm.
 
 
 2
 * Woodfin's claim concerns an incident on March 31, 1987. On that date Woodfin sent a letter containing legal pleadings to the Court of Appeals of Virginia and copies of these pleadings to the six lawyers involved in the cases. Five of the letters, including the letter to the court of appeals, were returned to Woodfin marked with a notation, "postage due .90," and two of the letters, both to appointed counsel, were mailed. Upon Woodfin's inquiry, he was told that inmates were allowed only $2.00[1] free legal postage per week and he could not aggregate past, or future, allowances. Thus, it would take four weeks for Woodfin to mail all of his legal documents.
 
 
 3
 In response to Woodfin's allegations, defendants filed a motion for summary judgment, claiming that (1) Woodfin could, and should, have budgeted personal money to help defray costs, (2) Woodfin alleged no adverse consequences due to the delay in mailing, (3) Woodfin has not made a diligent effort to secure employment at VSP (though he suffered an admitted medical condition which limited job opportunities), and (4) the postage limit of $2.20, see n. 1, is a reasonable limit and any higher limit would be "financially burdensome" to the state.
 
 
 4
 The district court acknowledged that Woodfin had no assets,[2] and then granted summary judgment. In its order, the district court adopted only one argument of defendants--that the limit of $2.20 was, in general, a reasonable limitation.
 
 II
 
 5
 It is clear that prisoners have a constitutionally protected right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977); Ex parte Hull, 312 U.S. 546, 549 (1941). In Bounds, the Court suggested that this right of access included a right to free legal postage for indigent prisoners:
 
 
 6
 It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them.
 
 
 7
 430 U.S. at 824-25 (emphasis supplied).
 
 
 8
 However, since Bounds the Court has offered no guidance as to what, if any, reasonable limits are acceptable. Nonetheless, there is a consensus in the circuits as to what does not state a claim in this type of case. Thus, the courts agree that a prisoner must allege that the delay in delivering legal mail caused his legal action to be dismissed or that a court sanctioned him in some fashion. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987); Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir.1985); Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir.1974) (per curiam). See also Chandler v. Couglin, 763 F.2d 110 (2d Cir.1985) (reversing the granting of summary judgment where harm shown). Consistent with this precedent, we adopt the requirement of a showing of some adverse consequences flowing from a delay in delivering mail. By this requirement, we do not intend to condone even isolated instances of interference with the delivery of legal mail. Even before Bounds, this court has recognized the importance of the prompt delivery of prisoners' legal documents by government officials, see McCray v. Maryland, 456 F.2d 1 (4th Cir.1972), and we adhere to that principle here. We believe that this rule fully protects valid claims and concurrently, discourages frivolous claims.
 
 
 9
 Woodfin has failed to meet this requirement. He has not alleged that his pleadings were dismissed in the Virginia court, or that he was sanctioned by that court in any fashion for the delay in filing. Thus, he has alleged no constitutional deprivation and his suit was properly dismissed.
 
 
 10
 Because the record and other materials before the court indicate it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED.[3]
 
 
 [1]
 Defendants contend that the allowance is now $2.20, but this is immaterial to the disposition in this case
 
 
 [2]
 A number of documents were filed in regard to whether Woodfin should be required to pay a filing fee in this case, the result which was that Woodfin proved, to the court's satisfaction, that he had no money for the six months prior to this suit
 
 
 [3]
 Woodfin's claims regarding the failure to declare default and to impose sanctions have also been considered and found to be meritless