**W.L. GRAVES, Appellant,**

v.

**TEXAS DEPARTMENT OF CORRECTIONS EMPLOYEES, Appellee.**

**No. 01–90–00046–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

March 5, 1992.

W.L. Graves, pro se.

Frank Blazek, Huntsville, for appellee.

Before TREVATHAN, C.J., and MIRABAL and PRICE, JJ.

## OPINION

PRICE, Justice [1].

This is an appeal from the trial judge's dismissal of appellant's lawsuit. W.L. Graves is a prisoner in the Institutional Division of the Texas Department of Criminal Justice (formally referred to as the Texas Department Corrections, hereinafter referred to as TDC). He filed suit, pro se, claiming violations of his civil rights as an inmate. The trial court, without a motion or a hearing, pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp. 1992), dismissed appellant's lawsuit with prejudice. Appellee does not respond to this appeal.

The trial court had for its consideration in rendering its decision only appellant's pleadings, as TDC did not answer the lawsuit. A pro se's lawsuit may be dismissed under section 13.001(b), if the trial court finds the action has no arguable basis in law or in fact. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990). As appellant's petition is the only item that we have to review, we construe the allegations liberally in the light most favorable to the appellant.

Appellant sued numerous employees of TDC seeking injunctive relief and money damages for various alleged violations of his civil rights. He claims that he refused to shave, cut his hair, and work when he was wrongfully denied access to the prison commissary. These refusals led to disciplinary action against him by the TDC officials. He maintains that he was denied use of the law library, restricted to his cell for 120 days during a 141–day period, and deprived of food by being refused admission to the dining hall for 98 out of 120 meals during a 40–day period. Appellant argues that these sanctions violated TDC's Disciplinary Rules (sections I, II, III, and IV) and the equal protection and due process

clauses of both the state and federal constitutions.

■ Generally, a court gives deference to the decisions of prison administrators regarding reasonableness of the scope, the manner, the place and the justification for a particular policy designed to preserve internal order. *Hay v. Waldron,* 834 F.2d 481, 486 (5th Cir.1987). However, the eighth amendment, applied to the States through the due process clause of the fourteenth amendment prohibits the infliction of cruel and unusual punishment for those convicted of crimes. *Robinson v. California,* 370 U.S. 660, 666, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962). An eighth amendment violation exists where the deprivation of a single identifiable human need, such as food, warmth, or exercise is caused by prison officials wanton disregard for the prisoner's welfare. *Wilson v. Seiter,* —— U.S. ——, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

■ In this case, appellant has asserted he was deprived of food, and confined to his cell. He further asserted that appellees "willingly, knowingly and intentionally" caused the deprivation. The record does not show that the State responded to these assertions in the trial court, and it did not here.

Thus, because of the potential eighth amendment violations, we find that appellant's claim has an arguable basis in law and fact. We reverse the decision of the trial judge and remand this case to the trial court for a more meritorious determination of appellant's claims.

---

1. The Honorable Frank C. Price, former justice, Court of Appeals, First District of Texas at Houston, participating by assignment.