**Dan THOMAS, Appellant,**

v.

**James A. COLLINS, Appellee.**

**No. 13-92-142-CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 18, 1993.

Rehearing Overruled April 1, 1993.

Dan Thomas, pro se.

Robin Sanders, Asst. Atty. Gen., Dan Morales, Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., Will Pryor, First Asst. Atty. Gen., and Michael P. Hodge, Asst. Atty. Gen., Chief, Enforcement Div., Austin, for appellee.

Before DORSEY, KENNEDY, and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellant, a pauper and inmate in a Texas prison, appeals the dismissal of his suit against James A. Collins, individually and in his official capacity, as director of the Texas Department of Corrections. We affirm.

Appellant sued Collins, complaining that Collins reviewed and affirmed a disciplinary action taken against him for an infraction of prison rules. Appellant claimed that his Due Process and Due Course of Law guarantees of the Federal and Texas Constitutions were violated when he was not allowed to attend the disciplinary proceeding and present a defense. Appellant sought a permanent injunction requiring

Collins to change the quantum of proof in disciplinary matters from a preponderance of the evidence to substantial evidence, a declaratory judgment that Collins violated the Federal and State Constitutions, actual damages of $225 for unlawful confinement, and exemplary damages of $10,000 for Collins' action in arbitrarily and capriciously affirming the punishment assessed at the disciplinary proceeding.

Collins answered appellant's suit, specially excepted, and moved to dismiss. Collins sought dismissal under Tex.Civ.Prac. & Rem.Code Ann. § 13.001 (Vernon Supp. 1993), claiming that appellant's suit was frivolous. Collins argued that appellant failed to state a cause of action and misunderstood the constitutional rights involved. Collins also asserted sovereign immunity for any claim against the State and quasi-judicial immunity and good-faith immunity for any claim against him personally. Appellant then filed a response to Collins' motions, and Collins filed a supplemental motion to dismiss.

The trial court granted Collins' motion to dismiss, finding that appellant's claim was frivolous. Appellant brings three points of error. The first two points attack the judgment as if it were a summary judgment. He contends that the notice provision relating to summary judgments was not followed and that a material issue of fact exists. *See* Tex.R.Civ.P. 166a. The trial court, however, did not grant a summary judgment. Rather, it dismissed the action under Section 13.001. The rules and procedures relating to the granting and review of summary judgments are not applicable. Thus, appellant's first two points are overruled.

By his third point of error, appellant asserts that the trial court erred in dismissing his action under Section 13.001, for the reason that he was denied his due process right to attend his disciplinary hearing. Appellant does not present any argument concerning his contention raised below that the prison's disciplinary rules were improperly promulgated under State law or that an improper evidentiary standard was used.

In the pleadings filed by appellant, he contends that he wanted to attend his disciplinary hearing but that a guard prevented him from doing so. Collins' pleadings contain exhibits showing that appellant was given the opportunity to attend his hearing but refused. (The disciplinary committee restricted appellant to his cell for fifteen days.) Appellant's appeal of this decision was denied by the warden. The warden's decision was appealed to the regional director, who denied the appeal. Finally, the regional director's decision was appealed to Collins, who also denied the appeal.

Section 13.001 of the Remedies Code authorizes a trial court to dismiss an action in which an affidavit of inability to pay costs is filed, as in this case, if the court finds the action frivolous. The statute sets out three instances when an action is frivolous, but we will restrict our review to § 13.-001(b)(2), that is, that the claim has no arguable basis in law or in fact. *See John-son v. Lynaugh,* 796 S.W.2d 705, 706–07 (Tex.1990); *McDonald v. Houston Dairy,* 813 S.W.2d 238, 239 (Tex.App.—Houston [1st Dist.] 1991, no writ).

■ An example of a complaint based on an indisputably meritless legal theory is when the defendants are immune from suit. *Thompson v. West,* 804 S.W.2d 575, 577 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *see Neitzke v. Williams,* 490 U.S. 319, 327–29, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). In this case, appellant sued Collins both individually and in his capacity as Director of the Texas Department of Corrections. We therefore consider whether Collins was immune individually and as Director of the Texas Department of Corrections.

■ A suit against a state official in his official capacity is in all respects a suit against the state, and only the Legislature may grant permission for such a suit. *American Public Life Ins. Co. v. Stam-baugh,* 456 S.W.2d 953, 956 (Tex.Civ.App.— Amarillo 1970, writ ref'd n.r.e.). Although a State may consent to be sued, *see De-partment of Agriculture and Environ-ment v. Printing Indus. Ass'n of Texas,* 600 S.W.2d 264, 265–66 (Tex.1980), the

State has not consented to be sued in the present case, so there has been no waiver of sovereign immunity. Thus, the suit against Collins in his official capacity is not maintainable.

■ Furthermore, in suing Collins, appellant relied on 42 U.S.C. § 1983. This section provides, "Every person who ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." The United State Supreme Court has held, however, that neither a state nor its officials acting in their official capacities are "persons" who may be liable under this act. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71–73, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). Therefore, appellant's action against Collins in his official capacity is not maintainable for this reason as well.

■ Likewise, the suit against Collins individually is not maintainable. The record shows that Collins, in affirming the action of the disciplinary proceeding, was acting in a quasi-judicial capacity. In *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985), the Supreme Court held that members of a prison adjudicatory committee had qualified immunity for suits from damages under § 1983. In *Turney v. Scroggy*, 831 F.2d 135, 138–39 (6th Cir.1987), the Court held that this same immunity was available to a warden who reviewed a disciplinary committee's decision on appeal. The warden's function of reviewing the committee's decision was "unquestionably adjudicatory." *Id.* Appellant's cause of action against Collins, individually, for his role in affirming the committee's decision, is not maintainable unless Collins knew or should have known that he was acting outside the law. *See Cleavinger*, 474 U.S. at 207, 106 S.Ct. at 503–04. Appellant did not allege any facts to show that Collins ever acted outside the law. Accordingly, the trial court did not err in determining that appellant's suit was frivolous. Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.