Ira JACKSON, Jr., Appellant,

v.

John STINNETT, Appellee.

No. 08–93–00288–CV.

Court of Appeals of Texas,
El Paso.

July 14, 1994.

Ira Jackson, Jr., pro se.

Deborah L. Leach, Asst. Atty. Gen., Office of the Atty. Gen., Dan Morales, Atty. Gen., Bridget Robinson, Asst. Atty. Gen., Austin, for appellee.

Before BARAJAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

LARSEN, Justice.

Ira Jackson, Jr., an inmate in the Texas Department of Criminal Justice–Institutional Division [TDCJ–ID], Ellis I Unit, appeals the trial court's dismissal of his *pro se,* in *forma pauperis* lawsuit. We reverse and remand.

### FACTS

On December 5, 1990, Jackson was treated by John Stinnett, a dentist employed by the TDCJ–ID. Stinnett extracted two of Jackson's teeth and a root remnant remaining in his gum from an earlier extraction. Jackson's mouth became infected after the treatment and he sued Stinnett *pro se* for dental malpractice under the Medical Liability and Insurance Improvement Act of Texas, TEX. REV.CIV.STAT.ANN. art. 4590i (Vernon pamphlet 1994). Jackson filed an affidavit of inability to pay costs in lieu of filing fees. Stinnett answered the lawsuit urging that he was immune from suit for discretionary acts within the scope of his employment undertaken in good faith. He objected to Jackson's discovery requests on the same basis. He filed a motion to dismiss the lawsuit under TEX.CIV.PRAC. & REM.CODE ANN. § 13.-001 (Vernon Supp.1994). After hearing, the trial court dismissed the suit and Jackson appealed.

## DISMISSING FRIVOLOUS SUITS

■ Texas law provides that where a plaintiff has filed an affidavit of inability to pay costs, the trial court may dismiss the suit if the action is frivolous or malicious. TEX. CIV.PRAC. & REM.CODE ANN. § 13.001. Although the statute authorizing such dismissal lists three bases for finding a suit frivolous,[1] dismissal properly lies only where a claim has no arguable basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338, 350 (1989); *Johnson v. Lynaugh,* 796 S.W.2d 705, 706 (Tex.1990); *Pedraza v. Tibbs,* 826 S.W.2d 695, 698 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.). Establishing that defendant is immune from suit as a matter of law constitutes a showing of no arguable basis in law or fact. *Thomas v. Collins,* 853 S.W.2d 53, 55 (Tex.App.—Corpus Christi 1993, writ denied). We therefore examine the trial court's decision under that criteria.

## SOVEREIGN IMMUNITY

■ In appellant's Point of Error Three, Jackson claims the trial court erred in dismissing his case, as Dr. Stinnett's motion to dismiss did not have sufficient factual basis. We agree. Stinnett's original answer and motion to dismiss in this case claimed "entitlement to immunity for all claims asserted against him," and asked the trial court to dismiss the suit as frivolous under TEX.CIV. PRAC. & REM.CODE ANN. § 13.001. Stinnett asserted sovereign immunity, qualified immunity, quasi-judicial immunity, and urged that suit against a state officer was not authorized under the Medical Liability and Insurance Act, TEX.REV.CIV.STAT.ANN. art. 4590i, as that act contains no waiver of immunity.

A state employee may be sued in either of two capacities: individual, which results in personal liability for any judgment; and official, which results in the State's liability for any judgment. *Gonzalez v. Avalos,* 866 S.W.2d 346, 349 (Tex.App.—El Paso 1993, writ granted); *Bagg v. University of Texas Medical Branch at Galveston,* 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). In his motion to dismiss and brief on appeal, Dr. Stinnett asserts that he is entitled to sovereign immunity for any allegations against him in his official capacity. This would be true if Stinnett were sued in his official capacity, as suits against state officials in their official capacities are in all respects suits against the State, and only the legislature may waive the State's immunity. *Thomas,* 853 S.W.2d at 55. Here, however, Jackson has unequivocally stated he is suing Stinnett in only his individual capacity as treating dentist. Sovereign immunity does not apply to suits against individuals. *Id.* For this reason, Dr. Stinnett's assertions that he is entitled to sovereign immunity, and his claim that suit under Article 4590i cannot lie against State officials, have no application here.

## OFFICIAL IMMUNITY

■ Official immunity,[2] which may protect state employees sued in their individual capacities, exists so government officials may remain free to exercise their duties without fear of damage suits: suits which would consume their time and energy and the threat of which might appreciably inhibit the fearless, vigorous, and effective administration of policies of government. *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 305 (Tex.App.—Fort Worth 1989, writ denied). To establish their entitlement to the protection of official immunity, government employees, such as Dr. Stinnett, must show that the acts for which they are sued meet three criteria:

(1) the employee occupies a position of quasi-judicial status;

(2) was acting in good faith; and

---

1. (1) the action's realistic chance of ultimate success is slight;
   (2) the claim has no arguable basis in law or in fact; or
   (3) it is clear that the party cannot prove a set of facts in support of the claim. TEX.CIV. PRAC. & REM.CODE ANN. § 13.001(b).

2. This concept is also called "qualified immunity" or "quasi-judicial immunity." *Hatley v. Kassen,* 859 S.W.2d 367, 374 (Tex.App.—Dallas 1992, writ granted); *Perry v. Texas A & I University,* 737 S.W.2d 106, 109–10 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Throughout this opinion, it is referred to as official immunity.

(3) was acting within authority as a quasi-judicial employee.

*Wheeler v. Yettie Kersting Memorial Hosp.*, 866 S.W.2d 32, 48 (Tex.App.—Houston [1st Dist.] 1993, n.w.h.); *Gonzalez*, 866 S.W.2d at 349; *Eakle v. Texas Dep't of Human Services*, 815 S.W.2d 869, 875 (Tex.App.—Austin 1991, writ denied). Government employees are subject to suit only if their acts are ministerial, involving mere obedience to orders or performance of duties requiring non-governmental choices, as opposed to discretionary acts requiring personal deliberation, decision, and judgment involving the government. *Hatley*, 859 S.W.2d at 374. Discretionary acts are what makes a position quasi-judicial. *Gonzalez*, 866 S.W.2d at 349. Dr. Stinnett bases his official immunity claim on his status as a state employee, as well as his good faith execution of discretionary duties within the course and scope of that official employment. Texas courts examining this issue, however, have approached claims of official immunity by state-employed health care workers in a different fashion. These cases turn on whether, although medical duties literally involve discretionary decisions, those duties are uniquely different from those engaged in by medical providers performing the same functions in the private sector. *Armendarez*, 781 S.W.2d at 306; *Hatley*, 859 S.W.2d at 374; *Wheeler*, 866 S.W.2d at 48. Where no function unique to the government is shown, official immunity claims have been rejected. *Id.*

*Armendarez*, a medical malpractice action against state-employed physicians alleging negligence in delivering a baby, first addressed the question of whether medical personnel employed by the State are entitled to official immunity. The Fort Worth Court there held:

[A] medical doctor is not entitled to protection as a quasi-judicial officer, even though his or her duties literally involve the exercise of discretion, where the doctor's duties are not uniquely different from those engaged in the same duties in the private sector or where no function unique to government is being exercised. We so hold because the purpose for official immunity is not served when an employee has the same duty and therefore no greater risk of

liability than an employee performing the same duties in the private sector. *Armendarez*, 781 S.W.2d at 306.

The Court reasoned that the threat of a lawsuit would not deter a doctor in the fearless and vigorous exercise of medical discretion any more than it would a doctor in private practice. *Id.* It characterized this conclusion as a clarification of existing law, not a departure from established immunity doctrine necessary to protect uniquely governmental, discretionary decisions. *Id.* at 307.

Similarly, the Dallas Court of Appeals has declined to grant official immunity to a third-year resident physician and a psychiatric nurse employed by a public hospital. *Hatley*, 859 S.W.2d at 375. There, in an opinion by then Chief Justice Enoch (now of the Texas Supreme Court) the Court held:

A government-employed physician is considered a quasi-judicial officer if he or she (1) has duties uniquely different from a physician engaged in a similar practice in the private sector, or (2) exercises a function unique to the government. The treatment of a patient is not a quasi-judicial function if it involves the exercise of medical judgment rather than governmental judgment. *Hatley*, 859 S.W.2d at 372. [Citations omitted].

The Houston First Court also adopted this analysis in a case where nurses, employees of a county hospital, asserted official immunity in a case involving their decision to transfer a woman in labor to another hospital. *Wheeler*, 866 S.W.2d at 47-8. There, recognizing that almost any act might be said to involve discretion, the Court followed *Armendarez* and applied the governmental/occupational function test to determine whether the nurses occupied a position of quasi-judicial status. *Id.*

█ Thus, in situations where a publicly employed health care provider performs the same function as one performing engaged in the same duties within the private sector, and those duties are not uniquely governmental in nature, the provider is not entitled to official immunity. We see no reason why this rationale does not apply to dentists just as it does to medical doctors and nurses. The State has made no attempt to distin-

guish the facts before us from those involved in the cited cases. See *Armendarez,* 781 S.W.2d at 309 (opinion on rehearing). Indeed, the State's brief wholly ignores this line of authority.

This record is devoid of evidence that Dr. Stinnett's duties were unique to government or uniquely different from the same services provided by dentists in the private sector. He has not shown, that he is entitled to protection as quasi-judicial status, although he is certainly not precluded from doing so following remand to the trial court, should the facts support it. See *Armendarez,* 781 S.W.2d at 311. Dr. Stinnett has thus failed to meet the requirement for dismissal set forth in TEX.CIV.PRAC. & REM.CODE ANN. § 13.001, that plaintiff's petition has no arguable basis in law or fact. Appellant Jackson's Point of Error Three is sustained.

### *CONCLUSION*

Dr. Stinnett's motion to dismiss and accompanying evidence neither established his official immunity to suit nor that Jackson's lawsuit otherwise has no arguable basis in law or fact. He was therefore not entitled to dismissal under TEX.CIV.PRAC. & REM.CODE ANN. § 13.001. Because of our disposition of Point of Error Three, we do not reach Jackson's remaining complaints. We reverse the trial court's order dismissing the case, and remand for further proceedings.