TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00236-CV








Kirk Wayne McBride, Appellant



v.



Jack Bremer, Sheriff of Comal County; Brian John, Jail Administrator; Bill Collins,


Assistant Jail Administrator; Sergeant Schroeder; Karen Cook, Detention Center


Official; Comal County; and Comal County Detention Center, Appellees







FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT


NO. C93-694C, HONORABLE FRED A. MOORE, JUDGE PRESIDING








PER CURIAM


 Appellant Kirk Wayne McBride appeals from an order of the district court of
Comal County dismissing his claims pursuant to section 13.001 of the Texas Civil Practice and
Remedies Code. McBride was incarcerated in the Texas Department of Criminal
Justice--Institutional Division (TDCJ--ID) and was returned to the Comal County Detention Center
on a bench warrant. McBride sued appellees Jack Bremer, the Comal County sheriff; Brian John,
the jail administrator; Bill Collins, assistant jail administrator; Karen Cook, a detention center
official; Sergeant Schroeder; Comal County; and the Comal County Detention Center asserting
numerous violations of constitutional rights and seeking damages for lost property. (1) We will
affirm the order of dismissal.

 A trial court may dismiss an action in which a plaintiff has filed an affidavit of
inability to pay (2) if the court finds that the action is frivolous or malicious. Tex. Civ. Prac. &
Rem. Code Ann. § 13.001(a)(2) (West Supp. 1995); Johnson v. Peterson, 799 S.W.2d 345, 346
(Tex. App.--Houston [14th Dist.] 1990, no writ). In determining whether the action is frivolous
or malicious, the court determines whether the claim has an arguable basis in law or in fact. (3) Tex.
Civ. Prac. & Rem. Code Ann. § 13.001(b)(2) (West Supp. 1995); Johnson v. Lynaugh, 800
S.W.2d 936, 938 (Tex. App.--Houston [14th Dist.] 1990, writ denied). A trial court has broad
discretion in dismissing a claim. Berry v. Texas Dep't of Criminal Justice, 864 S.W.2d 578, 579
(Tex. App.--Tyler 1993, no writ). In deciding whether to dismiss a claim, the trial court must
construe a pro se inmate's pleadings broadly. Perales v. Kinney, 891 S.W.2d 731, 732 (Tex.
App.--Houston [1st Dist. 1994], no writ); Spellmon v. Sweeney, 819 S.W.2d 206, 209 (Tex.
App.--Waco 1991, no writ).

 This Court reviews the dismissal for an abuse of discretion. Dillon v. Ousley, 890
S.W.2d 500, 501 (Tex. App.--Corpus Christi 1994, no writ). In determining whether the trial
court abused its discretion, we determine whether the trial court acted without reference to any
guiding principles or whether the action was arbitrary or unreasonable. Metropolitan Life Ins. Co.
v. Syntek Fin. Co., 881 S.W.2d 319, 321 (Tex. 1994); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). That this Court might
decide a matter differently does not show that the trial court abused its discretion. Southwestern
Bell Tel. Co. v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965).

 In his first point of error, McBride asserts that the trial court erred in dismissing
his claims against Comal County, Bremer, and John for lost property and for confiscation of
personal property. McBride asserted that Bremer, John, and their agents and employees lost his
property, valued at $39 and taken from McBride on his arrival at the Comal County Detention
Center. He asserted further that the loss involved the misuse of tangible property, the lock box
in which the items were stored.

 Under the doctrine of governmental immunity, a governmental unit is not liable for
the acts or conduct of its officers or employees absent a constitutional or statutory provision for
liability. University of Tex. Medical Branch v. York, 871 S.W.2d 175, 177 (Tex. 1994); see
Dillard v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 593 (Tex. App.--Austin 1991, writ denied)
(governmental immunity extends to all agencies, political subdivisions, and other institutions
derived from state constitution and laws). The Tort Claims Act waives that immunity in certain
circumstances, including: "personal injury and death so caused by a condition or use of tangible
or real property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law." Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. §§
101.021(2), .025 (West 1986) ("Tort Claims Act"); York, 871 S.W.2d at 177; Lowe v. Texas Tech
Univ., 540 S.W.2d 297, 298 (Tex. 1976); see Garcia v. Maverick County, 850 S.W.2d 626, 628
(Tex. App.--San Antonio 1993, writ denied) (county is immune from tort suit under doctrine of
governmental immunity unless immunity waived by statute).

 McBride asserts that the negligent use of a lock box caused the loss of his personal
property which caused him humiliation, suffering, and emotional distress. The only injury
asserted is the one for emotional distress. However, the negligent infliction of emotional distress
is no longer a cause of action. Boyles v. Kerr, 855 S.W.2d 593, 596 (Tex. 1993); Birdo v.
Schwartzer, 883 S.W.2d 386, 388 (Tex. App.--Waco 1994, no writ). Accordingly, the Tort
Claims Act does not waive the county's immunity from suit in this instance.

 McBride also seeks damages against Bremer and John whom he sued in their
official and individual capacities. A suit against an official in his official capacity is a suit against
the state and, therefore, requires permission for the suit. Thomas v. Collins, 853 S.W.2d 53, 55
(Tex. App.--Corpus Christi 1993, writ denied); Pickell v. Brooks, 846 S.W.2d 421, 425 (Tex.
App.--Austin 1992, no writ). McBride does not direct us to, and we do not find, a statutory
provision that waives Bremer's and John's immunity from suit in their official capacities. See
Tort Claims Act, § 101.001(2) (West Supp. 1995) ("governmental unit" includes state, its
agencies, and political subdivision of state); Brazoria County v. Radtke, 566 S.W.2d 326, 328
(Tex. Civ. App.--Beaumont 1978, writ ref'd n.r.e.) (sheriff of county is not separate unit of
government).

 McBride also sued Bremer and John in their individual capacities. When sued in
their individual capacities, governmental officials and employees are entitled to qualified or
official immunity from the performance of their (1) discretionary duties in (2) good faith as long
as they are (3) acting within the range of their authority. City of Lancaster v. Chambers, 883
S.W.2d 650, 653 (Tex. 1994); see Jackson v. Stinnett, 881 S.W.2d 498, 500 (Tex. App.--El Paso
1994, no writ) (official immunity may protect state employee sued in individual capacity). 
McBride alleged only that Bremer and Johns did not provide adequate security for McBride's
property because the lock box was easily accessible. His pleadings do not allege facts that
overcome the defense of qualified immunity. See Hector v. Thaler, 862 S.W.2d 176, 178-79
(Tex. App.--Houston [1st Dist.] 1993, no writ) (appellant pleaded bad faith and recklessness). We
overrule the first point of error. See Thomas, 853 S.W.2d at 55; Spellmon, 819 S.W.2d at 208
(complaint based on meritless legal theory is one in which defendants are immune from suit).

 In his second point of error, McBride contends that the trial court abused its
discretion in dismissing his claims for violations of the due course of law provision of the Texas
constitution. See Tex. Const. art. I, § 19. McBride's pleadings assert that the loss, and
restriction, of certain privileges and the loss, or confiscation, of personal property deprived him
of due process. A review of McBride's pleadings show that he has not asserted claims that raise
due process concerns. See, e.g., Berry, 864 S.W.2d at 579-80 (unauthorized, intentional
deprivations of property may constitute violation of procedural requirements of due process clause
of 14th Amendment); Graves v. Texas Dep't of Corrections Employees, 827 S.W.2d 47, 48 (Tex.
App.--Houston [1st Dist.] 1992, no writ) (claims that inmate deprived of food and confined to cell
raised potential violations of 8th Amendment). McBride complains of differences in procedures
and policies between TDCJ-ID and the Comal County Detention Center. He does not allege that
the Comal County procedures do not meet a constitutional minimum but rather that Comal County
does not provide him the same privileges that TDCJ-ID provided him. (4)

 Prison officials have broad administrative and discretionary authority over the
institutions they manage. Persons lawfully incarcerated in the institutions retain only a narrow
range of protected liberty interests. Johnson, 800 S.W.2d at 938-39; Thompson v. Mannix, 814
S.W.2d 811, 812 (Tex. App.--Waco 1991, no writ). Generally, a court will give deference to the
decision of prison administrators regarding the reasonableness of the scope, manner, place, and
justification of a particular policy designed to preserve internal order. Graves, 827 S.W.2d at 48
(citing Hay v. Waldron, 834 F.2d 481, 486 (5th Cir. 1987)). The procedures about which
McBride complains fall within the area over which the Comal County officials have discretion to
implement policies to administer the jail. McBride does not contend that the Comal County
policies do not meet constitutional standards or the rules and procedures of the Commission on
Jail Standards. See Tex. Loc. Gov't Code Ann. § 351.002 (West 1988); 37 Tex. Admin. Code
§§ 265.1-287.4 (1994).

 Furthermore, as stated in his "Alternative Claims for Relief and Damages,"
McBride seeks damages for the alleged due process violations. A cause of action for damages for
an infringement of a right under the Texas constitution does not exist. City of Beaumont v.
Bouillion, 38 Tex. Sup. Ct. Jr. 282, 287-88 (Feb. 16, 1995); Albertson's v. Ortiz, 856 S.W.2d
836, 840-41 (Tex. App.--Austin 1993, writ denied); Bagg v. University of Tex. Medical Branch,
726 S.W.2d 582, 584 n.1 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). We overrule
McBride's second point of error.

 In his third point of error, McBride contends that the dismissal of his claim that the
jail commissary violated the state antitrust act was error. See Texas Free Enterprise and Antitrust
Act of 1983, Tex. Bus. & Com. Code Ann. §§ 15.05, .21(a)(1) (West 1987) ("Antitrust Act"). 
McBride asserted this claim only against Bremer, who operates the commissary. See Tex. Loc.
Gov't Code § 351.0415 (West Supp. 1995).

 A suit against Bremer in his official capacity is a suit against the county. However,
the county is immune from such a suit. See Antitrust Act, §§ 15.03(3) ("person" includes natural
person but does not include the state), .21(a) (person may sue "person" other than municipal
corporation) (West 1987); Op. Tex. Att'y Gen. No. JM-569 (1986) (section 21(a)(1) grants
counties immunity from liability under Antitrust Act). Furthermore, the Antitrust Act expressly
excludes "actions . . . affirmatively approved by any statute of this state." Antitrust Act, §
15.05(g). By statute, Bremer may operate the commissary, has exclusive control of commissary
funds, and may use any proceeds for the purposes listed in the statute. Tex. Loc. Gov't Code
Ann. § 351.0415 (West 1995). We overrule the third point of error.

 In his fourth point of error, McBride asserts that the trial court erred in dismissing
his claim that Bremer, John, Collins, and Cook deprived McBride of rights under the state and
federal constitutions because they did not mail legal materials at county expense. See U.S. Const.
amend. I, XIV; Tex. Const., art. I, § 19. McBride alleged that "legal pleadings sent to: Sgt.
Winner, Texas Department of Criminal Justice Institutional Division[,] Legal Counselor" were
returned to McBride because he had no funds to pay for the postage. McBride requested the court
to order the three defendants to provide postage for legal pleadings, to render a declaratory
judgment that they had violated McBride's constitutional rights for not providing postage and
supplies for legal and general correspondence, and to award damages for violations of his
constitutional rights. See 42 U.S.C. § 1983 (1988).

 An indigent inmate must be provided stamps to mail legal documents at state
expense. Bounds v. Smith, 430 U.S. 817, 825 (1977). However, the right to free postage is not
unlimited. See Smith v. Erikson, 961 F.2d 1387, 1388 (8th Cir. 1992) (prison policy that allowed
one free mailing a week met constitutional standards); Hoppins v. Wallace, 751 F.2d 1161, 1162
(11th Cir. 1985) (two free stamps per week was adequate to allow exercise of right of access to
courts). McBride does not assert that Comal County denied him the ability to send legal mail but
only that the county did not send a particular package. Furthermore, he does not assert that the
failure to send the package damaged him. See Walker v. Navarro County Jail, 4 F.3d 410, 413
(5th Cir. 1993) (claim of tampering with legal mail must allege that inmate's position as litigant
was prejudiced to rise to level of constitutional violation). Accordingly, we overrule the fourth
point of error.

 Because we determine that the trial court did not abuse its discretion in dismissing
McBride's claims, we affirm the order of dismissal.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: May 31, 1995

Do Not Publish
1. [1] The trial court rendered the judgment underlying this cause after consolidating three trial
court proceedings: cause numbers C-93-151-C, C-93-694-C, and C-93-929-A. See Tex. R. Civ.
P. 174(a). In four points of error, McBride complains only of the dismissal of the complaints
raised in his third and fourth supplemental petitions and "Alternative Claims for Relief and
Damages" filed in cause number 3-93-694-C and his original petition filed in cause number C-93-929-A. McBride has not asserted all claims against all appellees.
2. [2] Texas Rule of Civil Procedure 145 provides: "In lieu of filing security for costs of an
original action, a party who is unable to afford said costs shall file an affidavit . . . ."
3. [3] Section 13.001 provides, in pertinent part:


(a) A court in which an affidavit of inability to pay under Rule 145 . . . has been
filed may dismiss the action on a finding that: 


 . . .


 (2) the action is frivolous or malicious.


(b) In determining whether an action is frivolous or malicious, the court may
consider whether:


 (1) the action's realistic chance of ultimate success is slight;


 (2) the claim has no arguable basis in law or fact . . . .



Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a), (b) (West Supp. 1995).


The supreme court has discouraged reliance on section 13.001(b)(1). Johnson v. Lynaugh, 796
S.W.2d 705, 707 (Tex. 1990); Brewer v. Collins, 857 S.W.2d 819, 822 (Tex. App.--Houston [1st
Dist.] 1993, no writ). The proper factor is whether a claim has no arguable basis in law or fact. 
Pedraza v. Tibbs, 826 S.W.2d 695, 698 (Tex. App.--Houston [1st Dist.] 1992, writ dism'd
w.o.j.). However, a trial court would need an evidentiary hearing to determine that a claim had
no arguable basis in fact. Hector v. Thaler, 862 S.W.2d 176, 178 (Tex. App.--Houston [1st Dist.]
1993, no writ). The statement of facts from the hearing on appellees' motion to dismiss contains
only argument. Accordingly, our review focuses on whether McBride's claims had an arguable
basis in law.
4. [4] For example, TDCJ-Id apparently delivers mail to inmates on Saturdays, and provides
longer recreation and visitation periods and education classes above the level of a GED.