United States Court of Appeals,

Eleventh Circuit.

No. 96-2080

Non-Argument Calendar.

William VAN POYCK, Enrique Diaz, Plaintiffs-Appellants,

v.

Harry K. SINGLETARY, Jr., individually, and in his official capacity as Secretary, Florida Department of Corrections, Defendant-Appellee.

March 11, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-471-CIV-J-16), John H. Moore, II, District Judge.

Before BIRCH and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

William Van Poyck and Enrique J. Diaz, state prisoners, appeal a decision granting judgment against their civil rights complaint. Because prison rules that regulate prisoner possession of postage and limit postage materials provided by the prison do not violate the law, we affirm.

**FACTS:**

Van Poyck and Diaz sued the secretary of Florida's Department of Corrections ("DOC"), Harry K. Singletary, challenging the constitutionality of two DOC rules, 33-3.004(12) ("Rule 3.004(12)"), regarding routine mail, and 33-3.006(5)(e) ("Rule 3.006(5)(e)"), regarding control of contraband. Poyck and Diaz sought declaratory and injunctive relief.

Rule 3.004(12) allows: (1) prison officials to provide indigent inmates with free postage and writing materials to mail

one first-class letter per month;  (2) prison officials to restrict the mailing of the letter to "a specific day of the month";  and (3) inmates to receive a maximum of 15 stamps from persons outside the prison.  Rule 3.006(5)(e) provides that inmates may possess no more than 20 stamps at any given time.  Complaining that they were unable to write as many letters to family as before the rules were implemented, Van Poyck and Diaz alleged violations of their freedom of speech, access to courts, and freedom of religion.  They also argued that Singletary promulgated the rules in violation of Florida law.

Singletary moved for judgment on the pleadings, Fed.R.Civ.P. 12(c), and attorney's fees.  He argued that because indigent prisoners do not have a constitutional right to free postage for nonlegal mail, the rules do not deny Van Poyck and Diaz any constitutional rights or privileges.

The district court agreed with Singletary, holding that limiting indigent prisoners to writing materials and postage for one letter per month is not unconstitutional, since prisoners do not have a right to free postage for nonlegal mail.  The court further held that the DOC could limit the number of stamps inmates received and held, because, if accumulated in great number, the economic value of stamps could threaten institutional security.

### DISCUSSION:

We note that Van Poyck and Diaz do not advance their freedom of religion or promulgation claims on appeal.  These issues are deemed abandoned.  *See Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 n. 6 (11th Cir.1989).

*Free postage for indigent prisoners*

Van Poyck and Diaz argue that Singletary is required under the First Amendment to provide free writing materials and postage to indigent inmates for correspondence with family, and suggest that five "free letters per week is a reasonable accommodation." They also claim violations of the Sixth Amendment. Singletary argues that the district court correctly held that the claims failed because prisoners do "not have a right to free postage for routine, nonlegal, mail."

A judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 12(c). This Court reviews *de novo* grants of such motions. *Ortega v. Christian,* 85 F.3d 1521, 1524-25 (11th Cir.1996).

The Sixth Amendment claims that appellants have raised in regard to postage and mail regulation are meritless. This Court has ruled that for legal mail, the Sixth Amendment access-to-court right only "entitles indigent to some free stamps ... not unlimited free postage[.]" *Hoppins v. Wallace,* 751 F.2d 1161, 1162 (11th Cir.1985). Moreover, the challenged prison rules only concern "routine mail," which is different from legal mail.

The resolution of appellants' First Amendment claims for more postage and free materials for their non-legal mail would appear to be analogous. Although this Court has no case law specifically addressing whether the First Amendment requires officials to provide indigent prisoners with materials and postage for routine mail, the Eighth Circuit has held persuasively that "indigent

inmates have no constitutional right to free postage for nonlegal mail." *Hershberger v. Scaletta,* 33 F.3d 955, 956 (8th Cir.1994).

We agree. The district court correctly ruled that Rules 3.004(12) and 3.006(5)(e) do not violate appellants' First Amendment rights. The First Amendment does not compel prison officials to provide indigent prisoners with unlimited free postage and materials for non-legal mail. *See Hershberger,* 33 F.3d at 956. The rules allow for free postage and materials, and do not prevent Van Poyck and Diaz from expressing free speech. *See* Rules 3.004(12) & 3.006(5) (R1-1, Exhs. 13-14). Although the rules reduce the number of opportunities for an indigent inmate to express free speech through the mail, the rules nevertheless provide "some free stamps" for such exercise. *See Hoppins,* 751 F.2d at 1162.

Appellants argue that the former Fifth Circuit, in *Guajardo v. Estelle,* 580 F.2d 748 (5th Cir.1978), set a constitutional minimum of five free letters per week that indigent prisoners could send to family and friends. However, this argument is incorrect. Rather than addressing the number of letters for which prisoners should be provided resources to send to family and friends, the *Guajardo* court instead approved the provision of postage and stationery for indigent inmates to mail five letters per week to attorneys and the media. *Id.* at 762-63.

*Quantity of postage possessed by prisoners*

Van Poyck and Diaz complain that, with respect to their attacks against the 15 and 20 stamp limits, the district court improperly affirmed the limits based on its reasoning that the

limits protected institutional security and safety. They also argue that the court failed to give deference to their factual allegations, which were, for example, that the new rules "significantly restrict[ed their] ability to communicate with the free world[.]" Finally, they argue that because Singletary's motion only attacked their challenge to the one-free-letter per month provision, the district court improperly dismissed their attacks against the 15 and 20 stamp limits without giving them notice and opportunity "to submit evidence and facts[.]"

We find this challenge against the prison rules limiting the quantity of stamps they can possess meritless. This Court has affirmed a prison policy preventing inmates from possessing loose postage stamps because it was related to the legitimate security interest of eliminating "the exchange of contraband among inmates." *Little v. Norris,* 787 F.2d 1241, 1243 (8th Cir.1986); *see also Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2262, 96 L.Ed.2d 64 (1987) (allowing prison rules to burden inmate's constitutional rights when reasonably related to a legitimate penological interest).

The judgment of the district court is AFFIRMED.