[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 06-13453

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00276-CV-HLA

ANTHONY F. WAINWRIGHT,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 13, 2007)

Before EDMONDSON, Chief Judge, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Anthony Wainwright, a state prisoner, filed a petition for a writ of habeas

corpus in the United States District Court for the Middle District of Florida. The

district court concluded that the petition was untimely and granted summary

judgment to the State. Wainwright now appeals.

In 1995, Wainwright was convicted of first-degree murder, armed robbery, armed kidnapping, and armed sexual battery. He was then sentenced to death. The Florida Supreme Court affirmed his sentence on direct appeal. Wainwright v. State, 704 So. 2d 511 (Fla. 1997). The United States Supreme Court denied certiorari on May 18, 1998. Wainwright v. Florida, 523 U.S. 1127, 118 S. Ct. 1814 (1998). On that date, Wainwright's conviction became final for purposes of the federal habeas statute of limitations. See Rhines v. Weber, 544 U.S. 269, 272, 125 S. Ct. 1528, 1532 (2005); Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001). Wainwright's statute of limitations began to run on May 19, 1998, the day after the Supreme Court denied his cert petition. Fed. R. Civ. P. 6(a); Washington, 243 F.3d at 1301 (Rule 6 governs computation of time limits under AEDPA). Absent tolling, this meant he had to file his federal habeas petition before or on May 19, 1999. Fed. R. Civ. P. 6(a).[1] Wainwright properly filed his Rule 3.850 motion for state collateral relief on May 14, 1999, which tolled his federal habeas statute of limitations as of that date. 28 U.S.C. § 2244(d)(2); Wade v. Battle, 379 F.3d 1254, 1262 (11th Cir. 2004). Wainwright had six days

---

[1] Wainwright does not argue in this case that the finality of his conviction was delayed pending a petition for rehearing in the Supreme Court or issuance of the mandate. Cf. Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001).

remaining under the now-tolled statute of limitations.

The Florida Supreme Court denied Wainwright's 3.850 motion and his petition for a writ of habeas corpus on November 24, 2004. Wainwright v. State, 896 So. 2d 695 (Fla. 2004). Wainwright filed a motion for rehearing on December 29, 2004, which the Florida Supreme Court denied on March 1, 2005. The mandate of the Florida Supreme Court issued on March 17, 2005, at which point Wainwright no longer had a pending application for state collateral relief. See Lawrence v. Florida, 127 S. Ct. 1079, 1082 (2007). As a result, the federal habeas statute of limitations began running again on March 18, 2005. The last day within the statute was March 23, 2005. Wainwright filed his federal habeas petition on March 29, six days after the statute ran.

In the district court, Wainwright argued that he was entitled to equitable tolling. The district court rejected that contention, and granted summary judgment to the State on March 10, 2006. Wainwright filed a timely Rule 59(e) motion to alter or amend the judgment on March 20, 2006. The district court denied that motion on May 12, 2006. Wainwright filed his notice of appeal on June 9, 2006.

We granted a certificate of appealability ("COA") on four issues:

(1) Did the notice of appeal operate to appeal the district court's March 10, 2006 order, or only the order denying Wainwright's Rule 59(e) motion to alter or amend?

3

(2) Did Wainwright's Rule 59(e) motion toll the time to appeal the district court's March 10, 2006 order?

(3) (a) Does the confusion around the statute of limitations issue — i.e., the split in the circuits with respect to whether the statute of limitations is tolled during the period after the state court denies collateral relief and before the time for filing certiorari to the Supreme Court expires — constitute an 'extraordinary circumstance' entitling a petitioner to equitable tolling?

(b) Should we decline to consider this issue because it was raised for the first time on appeal?

(4) Is equitable tolling otherwise warranted in this case?

The first two issues concern our appellate jurisdiction. The State first argues that we lack jurisdiction to review the district court's judgment because Wainwright's notice of appeal ("NOA") named only the order denying the Rule 59(e) motion to alter or amend the judgment, and not the order dismissing the petition. The State argues that, as a result, we only have jurisdiction to review the district court's denial of Wainwright's Rule 59(e) motion.

The notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B). But "it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal." KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006). Wainwright plainly intended to appeal the underlying judgment. The arguments he made in the Rule 59(e) motion were intertwined with the arguments he made in opposition to

4

summary judgment, and he had no reason to appeal only the denial of the Rule

59(e) motion. Further, the State concedes that Wainwright's inadvertent omission

of the omission of the underlying judgment in the NOA did not cause it any

prejudice, which is also a relevant concern under our cases. See Hill v. BellSouth

Telecommunications, Inc., 364 F.3d 1308, 1313 (11th Cir. 2004). Under these

circumstances, Wainwright's NOA operated to appeal the underlying judgment,

and his failure to specifically designate the March 10 order in the NOA did not

deprive us of appellate jurisdiction.

The State also argues that we lack appellate jurisdiction because Wainwright

did not file his NOA in time. Ordinarily, a timely Rule 59(e) motion to alter or

amend postpones the time in which to file a notice of appeal. Fed. R. App. P.

4(a)(4)(A)(iv). Under this normal rule, Wainwright's NOA was timely, because he

filed the NOA within thirty days of the order denying the motion. See Fed. R. App.

P. 4(a)(4)(A). The State, however, argues that Wainwright is not entitled to the

postponement because his Rule 59(e) motion was frivolous and also insufficiently

particular under Fed. R. Civ. P. 7(b)(1). The State argues that Wainwright's NOA

was therefore untimely, because it was not filed within thirty days of the March 10

summary judgment order.

Some circuits have recognized that a Rule 59(e) motion could be so frivolous

5

or lacking in particularity that it would not postpone the time in which to file an NOA. See, e.g., Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1240 (10th Cir. 2006); Talano v. Northwestern Med. Faculty Found., Inc., 273 F.3d 757, 760 (7th Cir. 2001). We need not address the issue in the instant case, because Wainwright's motion was not frivolous or insufficiently particular. He was therefore entitled to the postponement of the time to appeal under Fed. R. App. P. 4. That means the NOA was timely, and we have jurisdiction to review the district court's summary judgment order.

The third and fourth issues in the COA involve the timeliness of Wainwright's habeas petition. Wainwright had only six days left in which to file his federal habeas petition when the Florida Supreme Court issued its mandate on March 17, 2005. He did not file his federal habeas petition until March 29, 2005. Wainwright argues that his petition is nevertheless timely because he is entitled to equitable tolling. The AEDPA statute of limitations may be equitably tolled when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). We review de novo the district court's determination that equitable tolling is not available. Id.

In the first place, Wainwright claims that he is entitled to equitable tolling on

6

the basis of confusion in the law.  At the time Wainwright filed his habeas petition, the circuits were split on an issue of statutory tolling: whether the statute is tolled during the period when a petition for writ of certiorari is pending following the denial of collateral relief in the state courts.[2]  Wainwright asserts that the confusion surrounding this issue entitles him to equitable tolling.  Wainwright failed to argue legal confusion as a ground for equitable tolling in the district court.  He therefore failed to preserve the argument for appeal.  See Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000).

Alternatively, we hold that Wainwright's argument is without merit.  At the time the mandate issued from the Florida Supreme Court, it was perfectly clear in this circuit that the statute of limitations is not tolled while the petitioner seeks Supreme Court review of the state court's denial of collateral relief.  See Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000).  Wainwright therefore had no reason to be confused about the applicable statute of limitations.  Moreover, in Lawrence v. Florida, 127 S. Ct. 1079 (2007), the Supreme Court rejected an identical claim for equitable tolling on the basis of legal confusion.  Id. at 1085.  Because Wainwright's case is indistinguishable from Lawrence's, he is not entitled to

---

[2] We held that the statute of limitations is not tolled during this period in Coates v. Byrd, 211 F.3d 1225, 1227 (11th Cir. 2000).  While this appeal was pending, the Supreme Court agreed, resolving the circuit split in Lawrence v. Florida, 127 S. Ct. 1079 (2007).

equitable tolling on the basis of confusion in the law. Indeed, this Court, in Steed, squarely rejected an equitable tolling argument similar to the one asserted by Wainwright. See Steed, 219 F.3d at 1300.

Wainwright did argue in the district court that he is entitled to equitable tolling because the Florida Supreme Court did not send the order denying his motion for rehearing to his attorney's correct address. The Florida Supreme Court denied his Rule 3.850 motion and petition for writ of habeas corpus on November 24, 2004. Wainwright filed a motion for rehearing on December 29, 2004. During January 2005, Wainwright's attorney left his firm and moved to a new office. He changed his address with the Florida Bar, but did not notify the Florida Supreme Court. On March 1, 2005, the Florida Supreme Court denied the petition for rehearing, and sent the order to the attorney's old address (the one it had on file, which was also the one listed in the motion for rehearing). The Florida Supreme Court's mandate denying state post-conviction relief then issued on March 17, 2005. Wainwright claims that the mailing of the March 1 order to his attorney's old address entitles him to equitable tolling.

We hold that Wainwright has not shown that this is an extraordinary circumstance entitling him to equitable tolling. The Florida Supreme Court sent the order to his attorney's old address because that was the address it had on file.

Wainwright's attorney admits that he did not change his address with the court. The court had no reason to know that he had changed his address; in fact, the old address was contained in Wainwright's motion for rehearing. Nor did the court have a duty to check the Florida Bar's address change list before sending notice to the attorney. The mailing of the order to the old address was therefore caused by the attorney's failure to notify the court of his changed address. It is well established that attorney error is not an extraordinary circumstance warranting equitable tolling. See Helton v. Sec'y for the Dep't of Corrections, 259 F.3d 1310, 1313 (11th Cir. 2001); Steed, 219 F.3d at 1300; Sandvik v. United States, 177 F.3d 1269, 1272 (11th Cir. 1999). Accordingly, Wainwright is not entitled to equitable tolling on this basis either.[3]

We did not grant a COA on the other issues raised by Wainwright, because his arguments on these issues were clearly without merit. As Wainwright has failed to demonstrate that he is entitled to equitable tolling, his petition is time-barred, and the district court's dismissal of his habeas petition is

---

[3] We also note that Wainwright fails to prove that the alleged erroneous mailing caused his failure to timely file his federal habeas petition. He does not assert and does not prove (a) that he failed to ultimately receive the March 1 order; or (b) that he failed to timely receive the March 17 mandate, the crucial order that restarted the statute of limitations. For these reasons too, Wainwright cannot demonstrate that he is entitled to equitable tolling.

9

AFFIRMED.[4]

---

[4] Wainwright's recently filed motion to stay this appeal pending disposition of a successive motion for collateral relief in state court is denied.

10