[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2011
JOHN LEY
CLERK

No. 10-12280
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cv-00004-WTM-JEG

ELMON MCCARROLL ELMORE, JR.,

Plaintiff-Appellant,

versus

ASSISTANT WARDEN PEGGY ANN COOPER,
Coffee Correctional Facility, individually and in
her official capacity,
CORRECTIONS CORPORATION OF AMERICA,
a Tennessee Corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 27, 2011)

Before CARNES, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Elmon Elmore, Jr. appeals the denial of his motion to reopen his time to appeal under Federal Rule of Appellate Procedure 4(a)(6).

## I.

Elmore, a state prisoner, filed a complaint in federal court in early 2008 against prison officials under 42 U.S.C. § 1983, claiming that he had not been provided with sufficient free postage from the prison on at least two occasions. The district court entered an order granting summary judgment against Elmore on September 23, 2009. That same day the court entered final judgment dismissing Elmore's case. A few days later Elmore filed a timely motion to alter or amend the judgment. On November 6, 2009, the district court entered an order denying Elmore's motion to alter or amend the judgment, but apparently did not send Elmore notice of that order.

In January 2010 Elmore requested an update on the status of his motion to alter or amend. On January 13, 2010, the district court responded and informed Elmore that his motion had been denied more than two months earlier in the November 6 order. Elmore filed a motion for leave to file an out of time notice of appeal under Rule 4(a)(6) dated January 13, 2010, requesting that the district court reopen his time to appeal due to his lack of notice of the November 6 order.

Along with that motion Elmore filed a proposed notice of appeal, which indicated that Elmore desired to appeal from the final judgment and, construing the pro se notice liberally, the order denying his motion to alter or amend that judgment.[1] The district court denied his motion, holding that it could "find no interpretation of [Rule] 4(a)(6) that would allow a district court to reopen the time to file a notice of appeal based on a failure to receive notice that a [motion to alter or amend the judgment] was denied." Elmore moved the court to reconsider, which the district court also denied. Elmore then filed this appeal, essentially contending that the district court erred in its interpretation of Rule 4(a)(6).

## II.

Although we review a district court's denial of a motion to reopen the time to appeal under Rule 4(a)(6) only for an abuse of discretion, see McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002), we review de novo a "district

---

[1] We must construe Elmore's pro se proposed notice of appeal liberally. See Bellizia v. Fla. Dep't of Corr., 614 F.3d 1326, 1329 (11th Cir. 2010) ("We construe pro se filings . . . liberally."); KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006) ("In this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal."). Elmore's proposed notice explicitly referenced the order denying his motion to alter or amend the final judgment in addition to referencing the final judgment itself, and thus evinced an intent to appeal from both the final judgment and the order denying Elmore's motion to alter or amend.

3

court's interpretation of federal procedural rules," Vencor Hosps., Inc. v. Standard Life & Accident Ins. Co., 279 F.3d 1306, 1308 (11th Cir. 2002).

If a party fails to file a notice of appeal within the 30-day period required by Rule 4(a)(1), Rule 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice . . . of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R App. P. 4(a)(6).

The district court denied Elmore's motions to reopen his time to appeal without reaching the merits of his motion because it interpreted Rule 4(a)(6) not to allow a court to reopen an order denying a motion to alter or amend the judgment. That interpretation was incorrect. The language of Rule 4(a)(6) does not restrict its application to the entry of a final judgment. Fed R. App. P. 4(a)(6) ("The district court may reopen the time to file an appeal . . . but only if . . . the court finds that the moving party did not receive notice . . . of the entry of the judgment

4

or order sought to be appealed within 21 days after entry [and] the motion is filed within 180 days after the judgment or order is entered . . . ." (emphasis added)). Because Elmore alleged that he did not receive the order denying his motion to alter or amend within 21 days of its entry and the motion to reopen was filed within 180 days after that order was entered, the district court should have considered the merits of his motion to reopen his time to appeal under Rule 4(a)(6).

Accordingly, we vacate and remand to allow the district court to consider the merits of Elmore's motion to reopen his time to appeal. We express no opinion on whether Elmore has satisfied the requirements of Rule 4(a)(6) that must be met in order to give the district court discretion to reopen the time to appeal from the order denying his motion to alter or amend that judgment. Additionally, we express no opinion on whether any failure to receive notice of an order denying a motion to alter or amend the judgment gives the district court discretion under Rule 4(a)(6) to allow Elmore to reopen the time to appeal from the final judgment.

**VACATED AND REMANDED.**