[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12074
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:01-cr-00423-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL BERNARD BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Karl Bernard Bell appeals pro se the district court's denial of his "Motion for Clarification" of whether the court had jurisdiction to impose his mandatory terms of life imprisonment. Because Bell's motion was actually a successive habeas petition filed without our authorization, the district court lacked subject matter jurisdiction to rule on it.

I.

Bell was convicted in 2001 of two counts of distribution of crack cocaine. Before the trial, the government had filed a notice of intent to seek enhanced penalties under 21 U.S.C. § 851 based on Bell's prior drug-related felony convictions. The district court applied the § 851 enhancement, sentencing Bell to two concurrent mandatory life sentences. See 21 U.S.C. § 841(b)(1)(A). After Bell's conviction and sentences were affirmed on direct appeal, he filed a motion to vacate his sentences under 28 U.S.C. § 2255, which the district court denied. He did not appeal that judgment.

Later, Bell filed a pro se "Motion for Clarification" in the district court arguing that the government's § 851 enhancement notice did not give him adequate notice of the government's allegations because it cited to the wrong subsection of 21 U.S.C. § 841. Thus, Bell argued the district court had lacked jurisdiction to impose the mandatory life sentences. The district court summarily

denied the motion.  Bell asks us to vacate his sentence and remand his case for resentencing.

## II.

"Whether the district court had jurisdiction . . . is a legal question subject to plenary review."  United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002).  Under 18 U.S.C. § 3582(c), a district court generally "may not modify a term of imprisonment once it has been imposed," but "may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."[1]  "[E]xpressly permitted by statute refers to situations where the defendant is incarcerated pursuant to a plainly illegal sentence."  Diaz-Clark, 292 F.3d at 1316 (quotation marks omitted).  It does not, however, refer to situations where the second or successive motion bar prohibits bringing a claim under 28 U.S.C. § 2255.  Id.

We must "look beyond the label of a pro se inmate's motion to determine if it is cognizable under a different statutory framework."  United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003); see also United States v. Jordan, 915 F.2d 622, 624–25 (11th Cir. 1990) (same).  However labeled, Bell's motion sought

---

[1] Rule 35 permits a sentencing court to correct "a sentence that resulted from arithmetical, technical, or other clear error" within 14 days or to reduce a sentence for substantial assistance. Neither applies here.

3

modification of his sentence, and that could have been done, if at all, only under Rule 35 or under 28 U.S.C. § 2255. Rule 35 does not apply, and Bell's motion is properly construed as a motion to vacate under 28 U.S.C. § 2255. Because Bell had already filed a § 2255 motion, this one is his second.

A second or successive motion under § 2255 must be certified by the appropriate court of appeals to contain newly discovered evidence that establishes the petitioner's innocence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); see also § 2244(b). Absent this Court's permission, the district court lacks jurisdiction to address the motion, and it must be dismissed. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (same).

The district court should have construed Bell's "Motion for Clarification" as a successive § 2255 motion to vacate. Because that motion was filed without authorization from this Court, the district court should have dismissed it for lack of jurisdiction. Accordingly, we vacate the district court's denial and remand the matter to the district court with instructions to dismiss the motion for lack of

4

subject matter jurisdiction.

**VACATED AND REMANDED.**