[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 26, 2012
JOHN LEY
CLERK

No. 11-13263
Non-Argument Calendar
_____

D.C. Docket No. 5:08-cv-00004-WTM-JEG


ELMON MCCARROLL ELMORE, JR.,

Plaintiff - Appellant,

versus

ASSISTANT WARDEN PEGGY ANN COOPER,
Coffee Correctional Facility,
individually and in her official capacity,
CORRECTIONS CORPORATION OF AMERICA,
a Tennessee Corporation,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 26, 2012)

Before CARNES, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Elmon Elmore, Jr., a state prisoner proceeding pro se, appeals the district court's denial of his Federal Rule of Civil Procedure 59(e) motion to alter or amend its grant of summary judgment in favor of Corrections Corporation of America and Peggy Ann Cooper, who is the assistant warden of Corrections Corporation's Coffee Correctional Facility in Nicholls, Georgia.

I.

In January 2008, Elmore filed a 42 U.S.C. § 1983 complaint against Corrections Corporation and Cooper, alleging that, while he was an inmate at Coffee, Corrections Corporation and Cooper violated his constitutional right to access the courts by not allowing him to use a special mailing allowance to mail: (1) a presuit notice of claim under the Georgia Tort Claims Act, (2) a habeas corpus petition, and (3) an unrelated § 1983 complaint. The district court granted summary judgment in favor of Corrections Corporation and Cooper on September 23, 2009, finding that the constitutional right to access the courts did not encompass Elmore's state tort claim and that there was no genuine issue of material fact whether Corrections Corporation or Cooper impeded Elmore's efforts to file a habeas corpus petition or a § 1983 complaint. Elmore then filed a motion

2

to alter or amend the court's judgment under Fed. R. Civ. P. 59(e), which the court denied on November 6, 2009.

After Elmore requested a status update on his Rule 59(e) motion in January 2010, the court informed him that it had denied his motion more than two months earlier. In response he filed a motion under Federal Rule of Appellate Procedure 4(a)(6), asking the court to reopen his time to appeal the court's grant of summary judgment and its order denying his Rule 59(e) motion. See Fed R. App. P. 4(a)(6) ("The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if [certain] conditions are satisfied . . . ."). The court denied that motion, but we vacated that denial and remanded. Elmore v. Cooper, 427 F. App'x 831, 833 (11th Cir. 2011) (unpublished).

On remand, the district court granted Elmore's Rule 4(a)(6) motion to reopen the time to file an appeal of its November 6, 2009 order denying the Rule 59(e) motion. The court, however, denied his motion to reopen the time to file an appeal of the grant of summary judgment. Elmore then filed a notice of appeal challenging only the court's denial of his Rule 59(e) motion.[1]

---

[1]Even if we construe Elmore's NOA to include the court's order granting summary judgment, see Wainwright v. Sec'y, Dep't of Corr., 537 F.3d 1282, 1284–85 (11th Cir. 2007), we lack jurisdiction to consider whether the district court erred in granting summary judgment. "The

II.

Elmore contends that the district court erred in denying his Rule 59(e) motion, arguing that he properly pleaded his access-to-the-courts claim and that he clearly showed that Corrections Corporation and Cooper caused him actual injury. We review for abuse of discretion the district court's denial of a Rule 59(e) motion. Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1343 n.20 (11th Cir. 2010). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. at 1344 (alterations, citation, and quotation marks omitted).

"[P]risoners have a constitutional right of access to the courts." Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "[I]n order to assert a claim arising

timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." Moton v. Cowart, 631 F.3d 1337, 1341 n.2 (11th Cir. 2002) (quotation marks omitted). Elmore had until December 7, 2009—or 30 days after the court's November 6, 2009 denial of his Rule 59(e) motion—to file a NOA of the court's grant of summary judgment. See Fed R. App. P. 4(a)(1)(A), 4(a)(4)(A)(iv); Fed. R. App. P. 26(a)(1)(C). He did not do so, and the court later denied his Rule 4(a)(6) motion to reopen the time he had to file a NOA of summary judgment order. Elmore does not appeal the court's denial of his Rule 4(a)(6) motion as to the summary judgment order. So, even if we construe his NOA to encompass the court's grant of summary judgment, he failed to timely file the NOA as to the summary judgment order, and we lack jurisdiction to consider whether the district court erred in granting summary judgment. See Moton, 631 F.3d at 1341 n.2.

from the denial of meaningful access to the courts, an inmate must first establish an actual injury[, which he may do] by demonstrating that [his] efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." Id. (citation omitted) But only the prosecution of a direct appeal of a conviction, a habeas corpus petition, or a civil rights suit are protected by the constitutional right to access the courts. See Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998).

The district court did not abuse its discretion by denying Elmore's Rule 59(e) motion. In that motion, Elmore sought to relitigate the motion for summary judgment, which is an improper use of a Rule 59(e) motion. See Jacobs, 626 F.3d at 1344. He failed to identify any newly discovered evidence or any manifest errors of law or fact. Under the policy in effect at Coffee during the relevant time period, Elmore had access to enough free postage to mail his habeas corpus petition and his § 1983 complaint. The court did not commit a manifest error when it concluded that, because he could have used that free postage, there was not a genuine issue of material fact whether Corrections Corporation or Cooper had unconstitutionally frustrated or impeded his claims. See Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985) ("The constitutional right to access to the courts entitles indigent prisoners to some free stamps . . . but not unlimited free

postage . . . .").  Nor is his state tort claim protected by his constitutional right to

access the courts.  See Bass, 143 F.3d at 1445.

**AFFIRMED.**