[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11807
Non-Argument Calendar
_____

D.C. Docket No. 1:01-cr-00423-PCH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL BERNARD BELL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 18, 2012)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Karl Bell, a federal prisoner serving two concurrent life sentences for

distributing crack cocaine, appeals <u>pro se</u> the district court's dismissal of his

"Motion for Clarification" and denial of his later motion for reconsideration of that dismissal under Fed.R.Civ.P. 59(e).[1]

I.

Bell filed a "Motion for Clarification" in the district court on April 21, 2011 asserting that the court lacked jurisdiction to impose two concurrent life sentences because the government did not file proper notice that it was seeking such a sentence. The district court denied that motion, and Bell appealed. This Court held that Bell's "Motion for Clarification" should be treated as a 28 U.S.C. § 2255 motion because it sought a modification of his sentence. United States v. Bell, 447 F. App'x. 116, 118 (11th Cir. 2011). Because Bell had already filed one § 2255 motion and did not have court authorization to file a second one, we held that the district court did not have jurisdiction to consider the "Motion for Clarification" and should have dismissed it. Id.

From there, the case's procedural history is complicated. On November 18, 2011, this Court issued its decision vacating the district court's denial of the

---

[1] Because Bell is proceeding pro se we construe his brief liberally. See Harris v. United Auto. Ins. Group, Inc., 579 F.3d 1227, 1232 n.2 (11th Cir. 2009). Although Bell mentioned only the denial of his motion for reconsideration in his notice of appeal, it appears that he intended to appeal the dismissal of his "Motion for Clarification" as well. In his brief to this Court, he argues that the district court incorrectly dismissed his "Motion for Clarification." Because the notice of appeal was timely as to both the denial of his motion for reconsideration and the dismissal of his "Motion for Clarification," we may consider both rulings. See Wainwright v. Sec'y Dep't of Corr., 537 F.3d 1282, 1284–85 (11th Cir. 2007) ("[A]n appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the overriding intent was effectively to appeal.").

2

"Motion for Clarification" and remanding to the district court with instructions to dismiss that motion for lack of subject matter jurisdiction. Following its instructions but failing to wait for the mandate to issue, the district court dismissed the "Motion for Clarification" on November 22. Bell immediately appealed that dismissal.

While that second appeal was pending, the mandate from the first appeal issued on January 10, 2012, and the district court dismissed the "Motion for Clarification" for the second time on February 6, 2012. Bell filed a motion for reconsideration of that February 6 dismissal. That motion was denied and Bell filed a notice of appeal of that denial. That is the appeal currently before this Court.

On May 21, 2012 this Court issued a decision on the appeal of the November 22, 2011 dismissal of the motion (the first dismissal). We held that the first dismissal was entered when the district court lacked jurisdiction because it was entered before the mandate issued. Bell v. United States, 470 F. App'x. 858, 858 (11th Cir. 2012). As a result, we vacated the November 22, 2011 dismissal and remanded the case to the district court, instructing it to reenter its dismissal of the "Motion for Clarification" if its "view of the matter had not changed in the interim." Id. We did not address the February 6, 2012 dismissal of the "Motion for Clarification" (the second dismissal). The mandate issued on June 20, 2012.

3

On July 17, 2012, Bell filed a "Motion for Consideration" essentially reiterating the arguments he made in his April 21 "Motion for Clarification" and asking the district court to take the opportunity given to it by this Court to change its mind and not dismiss the "Motion for Clarification." On July 24, 2012, the district court dismissed both the April 21, 2011 "Motion for Clarification" and the July 17, 2012 "Motion for Consideration." Bell entered a notice of appeal of those dismissals on August 13, 2012. That appeal is not currently before us for decision because it has not yet been docketed and briefed.

## II.

We review de novo a district court's application of the law of the case doctrine. Thomas v. United States, 572 F.3d 1300, 1303 (11th Cir. 2009). We review the denial of a Rule 59(e) motion for an abuse of discretion. Lawson v. Singletary, 85 F.3d 502, 507 (11th Cir. 1996).

Bell's appeal of the district court's original denial of his "Motion for Clarification," divested the district court of jurisdiction over the matter. Green Leaf Nursery v. E.I. DuPont De Nemours and Co. 341 F.3d 1292, 1209 (11th Cir. 2003). Jurisdiction had not returned to the district court when it dismissed the "Motion for Clarification" on November 22, 2011; therefore, the appeal of that dismissal did not divest the district court of jurisdiction. Bell's appeal of the November 22, 2011 dismissal could not have divested the district court of

4

jurisdiction it did not otherwise have at the time.  The district court regained jurisdiction over the matter when the mandate issued on January 10, 2012.  And the mandate instructed the district court to dismiss the "Motion for Clarification," which it did on February 6, 2012.

In entering the February 6, 2012 dismissal, the district court was following our January 10, 2012 mandate to dismiss the motion.  Under the law of the case doctrine and the mandate rule, the district court's dismissal was proper.  Norelus v. Denny's, Inc., 628 F.3d 1270, 1288 (11th Cir. 2010) ("The mandate rule is a specific application of the 'law of the case' doctrine requiring that a trial court, upon receiving the mandate of an appellate court, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.") (internal quotation marks and brackets omitted).  The denial of the motion to reconsider that dismissal was also proper because the district court's following of our mandate was not a manifest error of law and Bell has not presented any newly discovered evidence.  See Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) ("[T]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.") (internal quotation marks and brackets omitted).

**AFFIRMED**.

5