[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15480
Non-Argument Calendar
_____

D.C. Docket No. 9:14-cv-81582-KLR

HECTOR PABON,

Petitioner - Appellant,

versus

WARDEN,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2017)

Before WILLIAM PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Pabon, a Florida prisoner, appeals the dismissal of his 28 U.S.C. § 2254 federal habeas corpus petition as time-barred. Mr. Pabon argues that he was entitled to equitable tolling of the statute of limitations for filing his petition. *See* 28 U.S.C. § 2244(d)(1)(A). After careful review, we determine that his petition is untimely and affirm.

# I

We review *de novo* the district court's dismissal of Mr. Pabon's § 2254 petition as untimely. *See San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). Although we review the district court's decision on equitable tolling *de novo*, we review the district court's determination of the relevant facts only for clear error. *See id.* Mr. Pabon bears the burden of proving the circumstances that justify application of equitable tolling. *See id.* at 1268.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for filing a federal habeas petition challenging a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitations period begins to run on the latest of four events, one of which is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The judgment becomes 'final' on the date in which the United States Supreme Court either issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the

2

expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari." *Chavers v. Sec'y, Fla. Dep't of Corrections*, 468 F.3d 1273, 1274–75 (11th Cir. 2006).

Under AEDPA, the limitations period is statutorily tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period may also be equitably tolled where a petitioner shows both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

## II

A Florida jury found Mr. Pabon guilty of second degree murder, and the trial court sentenced him to life in prison. His conviction was affirmed by Florida's Fourth District Court of Appeal on July 30, 2008. *See Pabon v. State*, 987 So. 2d 1227 (Fla. Dist. Ct. App. 2008). Mr. Pabon did not seek review from the Florida Supreme Court or the United States Supreme Court and, therefore, his conviction became final after the 90-day "certiorari window" expired on October 28, 2008. *See Chavers*, 468 F.3d at 1275. Mr. Pabon claims that he did not learn of the outcome of his direct appeal until September 29, 2010, because he and his family were unable to contact his attorney despite several attempts.

After learning of the outcome of his appeal, Mr. Pabon, proceeding *pro se*, filed a "Motion to Recall Mandate/Writ of Habeas Corpus" on October 6, 2010. The Fourth District denied his motion and instructed him to file a motion for post-conviction relief in the state trial court. On October 28, 2011, Mr. Pabon filed the post-conviction motion, which was denied on January 15, 2013. Mr. Pabon sought rehearing and subsequently appealed. The Fourth District affirmed the denial of his petition and issued its mandate on December 6, 2013. Mr. Pabon filed his § 2254 petition on December 12, 2014.

Mr. Pabon agreed that his petition was filed after the AEDPA one-year statute of limitations period ran, but argued that the limitations period should be equitably tolled. The district court found that equitable tolling was not warranted and denied his petition. We granted Mr. Pabon a certificate of appealability to determine "whether the District Court erred in finding Mr. Pabon's § 2254 petition time-barred because he was not entitled to equitable tolling of the AEDPA statute of limitations." We also appointed counsel for Mr. Pabon. On appeal, we conclude that Mr. Pabon has not shown that equitable tolling is appropriate for the more than one-year delay between the completion of his post-conviction proceeding and the filing of his § 2254 petition.[1]

---

[1] We therefore need not consider whether equitable tolling would be appropriate for the nearly two-year period between when his conviction became final and the filing of his post-conviction motion in state court. Even if equitable tolling was appropriate for that period, his petition is still

4

## III

Mr. Pabon argues that the 90-day "certiorari window" which applies on direct appeal, *Chavers*, 468 F.3d at 1275, should also apply to his state post-conviction proceedings.  This argument is foreclosed by Supreme Court precedent. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open.  … The application for state postconviction review is therefore not "pending" after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari.").  *See also Wainwright v. Sec'y, Dept. of Corrections*, 537 F.3d 1282, 1284 (11th Cir. 2007) ("The mandate of the Florida Supreme Court issued on March 17, 2005, at which point Wainwright no longer had a pending application for state collateral relief.").

Mr. Pabon also contends that the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1, 9 (2012) alters this conclusion.  Because a "collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim," *id.* at 11, Mr. Pabon asserts that the certiorari window that applies on direct appeal should apply to post-conviction proceedings alleging

---

untimely.  Thus, Mr. Pabon's motion to expand the record with evidence concerning that time period is denied as moot.

ineffective assistance of counsel.  We disagree.  *Martinez* considered only procedural default and made no mention of AEDPA's statute of limitations.[2]

The Supreme Court has repeatedly admonished that we "should follow the case which directly controls" and leave "to [the Supreme] Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989).  *Lawrence*, not *Martinez*, directly controls and it is not up to us to determine whether *Martinez* abrogates a portion of *Lawrence*'s clear holding.  Thus, we cannot apply a 90-day certiorari window to the denial of post-conviction relief.  *See Lawrence*, 549 U.S. at 332.

The Fourth District's mandate affirming the order denying post-conviction relief was issued on December 6, 2013.  At that point, Mr. Pabon "no longer had a pending application for state collateral relief" and the limitations period began to run.  *Wainwright*, 537 F.3d at 1284.  *See also San Martin*, 633 F.3d at 1266 (holding that AEDPA limitations period began to run when Florida Supreme Court issued mandate denying post-conviction relief).  Mr. Pabon filed his § 2254 petition on December 12, 2014—one year and six days after the limitations clock began to run again.  Therefore, even assuming equitable tolling for the time period

---

[2] We previously have explained that the "only thing [*Martinez*] did … was create a narrow, equitable exception to the general rule that a petitioner cannot rely on the ineffectiveness of collateral counsel to serve as cause for excusing the procedural default of a claim in state court, thereby permitting federal habeas review of the merits of that claim." *Chavez v. Sec'y, Fla. Dep't of Corrections*, 742 F.3d 940, 945 (11th Cir. 2014).

6

prior to when Mr. Pabon's post-conviction motion was filed, his § 2254 petition was filed more than a year later.

We agree with the district court that Mr. Pabon has not shown that equitable tolling should apply during that one year and six day time period. *See San Martin*, 633 F.3d at 1258. With respect to this delay following the conclusion of post-conviction proceedings, the district court concluded that Mr. Pabon "fail[ed] to explain how any extraordinary circumstance caused his delay of more than a year," and thus held that equitable tolling was not applicable. On appeal, Mr. Pabon similarly fails to articulate any steps he took during that time period. Thus, he has failed to show that he pursued his rights diligently. *See Hutchinson v. Florida*, 677 F.3d 1097, 1103 (11th Cir. 2012) (finding no reasonable diligence due to petitioner's lengthy delay in filing).

Mr. Pabon argues that further tolling is warranted due to his counsel's previous ineffectiveness and the confusing nature of the orders entered by the state courts. But this argument amounts to no more than vague allegations about the continued existence of impediments that we have previously held insufficient to warrant equitable tolling. *See Lugo v. Sec'y, Fla. Dep't of Corrections*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("And vague allegations about the existence of impediments, without more, or an argument that fails to explain how such impediments prevented the timely filing of the petition, does not establish

extraordinary circumstances."). *See also Lawrence*, 549 U.S. at 336–37 ("settled state" of limitations period law "belies any claim to legal confusion"); *Johnson v. Fla. Dep't of Corrections*, 513 F.3d 1328, 1333 (11th Cir. 2008) ("[A]ttorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.") (quotation and citation omitted).  Because Mr. Pabon has failed to show both that he pursued his rights diligently, and the existence of an extraordinary circumstance, equitable tolling is not warranted.

## IV

More than one year ran between the conclusion of the post-conviction proceedings in the Florida state courts and the filing of Mr. Pabon's § 2254 petition.  Assuming equitable tolling applies through the conclusion of the state post-conviction proceedings, Mr. Pabon has shown no sufficient basis for equitable tolling during that subsequent time period.  That is enough to bar review, and we affirm the decision of the district court.

**AFFIRMED.**